BATES *et al. v.* FIRST NATIONAL BANK OF DALTON.

1. A trial judge in passing upon the sufficiency of an answer must base his judgment upon what the same actually contains, and not upon an erroneous representation as to its contents made in open court by counsel for the plaintiff; and this is so although counsel for the defendant may have heard the representation made and have failed to call the attention of the court to the fact that the same was incorrect.

2. An answer in a suit brought by a national bank, which set up that a promissory note on which the plaintiff's action was founded was usurious because the payee had reserved as interest an amount exceeding the max-

imum legal rate, the figures showing the precise amount of the alleged usury being distinctly alleged, set forth a good defense so far as the interest claimed on the note was concerned.

Argued July 24, — Decided August 8, 1900.

Complaint. Before Judge Fite. Murray superior court. August term, 1899.

*J. J. Bates* and *Mann & Terry*, for plaintiffs in error.
*R. J. & J. McCamy*, contra.

Cobb, J. The First National Bank of Dalton brought suit upon a promissory note against R. L. Bates, R. F. Chastain, and J. W. Green. Green filed no defense. Bates and Chastain each filed pleas to the action, which will be hereafter referred to. Upon motion the court struck these pleas, and this ruling is assigned as error.

1. The bill of exceptions states that the ruling of the judge was made upon an oral statement by counsel for the plaintiff as to the contents of the pleas, such statement not being denied or corrected by defendants' counsel. It appears that the statement of plaintiff's counsel was incorrect; and that the pleas were of an entirely different character from that referred to in the statement. The record shows that the court struck the pleas which were filed, and therefore the ruling upon which we must pass is the one appearing in the record, that is, the decision that the pleas as filed set up no defense to the action. The court must rule upon the case as made by the pleadings, and not upon the case as stated by counsel. See *Bostick* v. *Palmer*, 79 *Ga.* 680.

2. The plea of Bates set up that the note sued on was for $150 and that he was liable thereon only for the sum of $148 without interest, for the reason that at the time the note was made he received only $144, six dollars having been taken out and reserved by the plaintiff as interest in advance, and that the amount so reserved was two dollars in excess of the lawful interest for the time between the date of the execution and the maturity of the note. The facts alleged set up a complete defense to the action, so far as the interest on the note was concerned. While the rate of interest which a national bank is authorized to charge is governed by the law of the State in which the bank is located, the penalty to be imposed upon such a bank for exacting usury

is that prescribed by the act of Congress providing for the creation of national banks.   In Farmers' and Mechanics' National Bank *v.* Dearing, 91 U. S. 29, Mr. Justice Swayne says : "There was reason why the rate of interest should be governed by the law of the State where the bank is situated ; but there is none why usury should be visited with the forfeiture of the entire debt in one State, and with no penal consequence whatever in another.  This, we think, would be unreason, and contrary to the manifest intent of Congress."   The act of Congress provides that knowingly taking or reserving a rate of interest greater than that authorized by law shall work a forfeiture of the entire interest which the note, bill, or other evidence of indebtedness carries with it, or which was agreed to be paid thereon.   See Barnett *v.* National Bank, 98 U. S. 555.   It was error, therefore, for the court to strike the plea of the defendant Bates.

The defendant Chastain in her plea alleged that she was simply security for Bates, that she was ignorant of the fact that any usury had been charged or reserved ; and set up that she was discharged by reason of "said usurious charge of interest by" the plaintiff, and prayed that the court should so decree. The principal being discharged to the extent of the interest on the debt by reason of the exaction of usury, of course the security is discharged to the same extent.   It was argued in the brief of counsel for the plaintiffs in error, that as the note contained a waiver of homestead, and as the exaction of usury in the transaction avoided such waiver, the security was discharged from all liability on the note.   So far as the point thus raised is concerned, it is sufficient to say that no such claim was set up in the plea, and therefore the question as to whether the provisions of the national bank act will preclude the defendant from setting up this defense will not now be decided.

*Judgment reversed.    All the Justices concurring.*