## NORRIS, administrator, v. RAWLINGS.

FISH, C. J. 1. Where the petition alleged that the plaintiff as landlord furnished to his tenant, the defendant, given quantities of corn, cottonseed, and fodder, upon the agreement of the defendant to return in kind like quantities of such products at the termination of the tenancy, whenever it should occur, the action based upon such contract, brought within four years after the termination of the tenancy, was not barred by the statute of limitations.

2. The disallowance of an amendment to an answer is not ground for new trial.

3. Admissions, beneficial to the plaintiff and material to his case, contained in a proffered amendment to the defendant's answer, were admissible as evidence in behalf of the plaintiff, although the offered amendment was disallowed, and the petition waived discovery.    See *Printup* v. *Patton & Jackson,* 91 *Ga.* 422 (18 S. E. 311); *Alabama etc. Railroad* v. *Guilford,* 114 *Ga.* 627 (40 S. E. 794), cited in *Mims* v. *Jones,* 135 *Ga.* 541 (69 S. E. 824).

4. Other assignments of error upon the admissibility of evidence were likewise without merit, and do not require any discussion.

5. The instructions to the jury, to which exceptions were taken, were not erroneous for any reason assigned.

6. The foregoing rulings dispose of all the exceptions insisted upon in the brief of counsel for plaintiff in error.
*Judgment affirmed.    All the Justices concur.*
SEPTEMBER 24, 1912.

Equitable petition. Before Judge Walker. Washington superior court. May 25, 1911.

*Gross & Swint,* for plaintiff in error.

*Evans & Evans* and *Hines & Jordan,* contra.