## 5653. DANIEL *v.* BURSON.

1. The defendant's plea contained sufficient material averments as to a rescission of the contract sued on, and the court erred in sustaining an oral motion to strike it.
2. In view of the waiver of warranties, both express and implied, as embodied in the contract, the plea of failure of consideration was not available, and could properly have been stricken had a timely and appropriate special demurrer been filed thereto, or had the motion to strike been confined solely to that portion of the plea alleging failure of consideration.

DECIDED FEBRUARY 18, 1915.

Complaint; from city court of Jefferson—Judge Johns. March 11, 1914.

*Ray & Ray,* for plaintiff in error.

RUSSELL, C. J. Burson sued Daniel on a note for the purchase-price of a sorrel mare. The note contains the following clause: "Said property is sold without any warranty, express or implied." The defendant filed a plea denying any indebtedness on the note, and alleged both a failure of consideration and a mutual rescission of the contract sued on. The court, upon oral motion of counsel for the plaintiff, struck the plea and directed a verdict for the plaintiff. To this the defendant excepts.

1. We are of the opinion that the court erred in striking the plea and in directing the verdict for the plaintiff. After setting out certain defects in the animal purchased, the plea contained an

averment as follows: "He [defendant] did not discover same until he carried the said mare home, and just as soon as he discovered the defect in said mare he at once carried her back to Guy Thurmond [who was alleged to be the agent of the plaintiff] and J. I. Burson, and then and at that time they agreed to take the said mare back and deliver to this defendant his note, and give him the money he had paid them, but asked this defendant to keep the mare until spring following, as they were crowded with horses and mules and wanted the defendant to winter the said mare. This defendant insisted that they comply with their trade, as said mare was guaranteed to him, and insisted that he have his note, which at that time they promised to deliver to him in the spring after the note was given, and at their request this defendant carried this mare described in the note sued on and demanded his note and the same was refused." This part of the plea, though possibly not couched in the exact language that it should be, is to our minds a sufficient plea of rescission, and entitled the defendant to the right to have a jury pass upon the merits thereof. The parties to the contract, if they saw fit, had a right to rescind the contract of sale (Civil Code, § 4304) ; and if they did so, then the rescission is a conclusive answer to any effort on the part of the plaintiff to collect the note. This case differs but very little from the case of *Steen* v. *Harris,* 81 *Ga.* 681 (8 S. E. 206). In that case the seller retained possession of certain notes given for the purchase-money of a piano, and the purchaser retained possession of the piano. The piano was levied upon under an attachment sued out by a creditor of the purchaser of the piano and while the piano was constructively at least in the purchaser's possession. The sellers, while still retaining the notes, filed a claim to the piano. The Supreme Court said, "The rescission of the sale would have been a conclusive answer to any effort on the part of Steen & Marshall or of Baldwin & Company [the original holders of the note and transferors to Steen & Marshall] to collect the amount of the notes or to enforce them against Gardner [the purchaser]. So that the case at the time of the levy was simply this: Gardner had possession of the piano, holding it for Steen & Marshall; they had possession of the notes holding them for him." So it is in this case, if the contention of Daniel is correct; he had possession of the mare, after the rescission, holding her for Burson, and Burson had possession of Daniel's note holding it for Daniel.

2.	Mixed and mingled in the same paragraph with the plea of rescission set out in the preceding paragraph and in the succeeding paragraph is an apparent attempt on the part of the defendant to plead failure of consideration due to a breach of express warranties alleged to have been made by the plaintiff to the defendant at the time of the sale. Such portions of the plea as attempted to set up such matter as a defense would have been subject to special demurrer, and any evidence in support of such a plea as a defense would be inadmissible. The note is one for the purchase-money of "one sorrel mare, weight about 900 pounds." The note stipulates that "said property is sold without any warranty, express or implied." It is too well settled in Georgia to admit of discussion that parol evidence will not be admitted to vary the terms of a written contract (Civil Code, § 4268), and this court has in several cases similar to that at bar held that failure of consideration was not permissible as a defense to notes for purchase-money where all warranties were waived. *Branch* v. *James,* 4 *Ga. App.* 90 (60 S. E. 1027); *Jones* v. *Riley Co.,* 14 *Ga. App.* 84 (3), 87 (80 S. E. 341). See also *McNeel* v. *Smith,* 106 *Ga.* 215 (32 S. E. 119); *Pryor* v. *Ludden,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Watson* v. *Smith,* 15 *Ga. App.* 62 (82 S. E. 633).

Any evidence tending to show that the mare was worthless or of a value unconscionably disproportionate to the sum stipulated in the note, while not admissible to establish a failure of consideration dependent upon a breach of warranty which the defendant had waived, may be considered by a jury as a circumstance corroborative of the defendant's contention that there was a rescission.

*Judgment reversed. Broyles, J., not presiding.*