## McConnell v. Gregory.

Atkinson, J. 1. When admissions are made in pleadings and are withdrawn or stricken by amendment, they can be used as evidence by the opposite party upon the trial, with the right of the other party to explain or disprove them; but admissions in pleadings, after they are withdrawn or stricken by amendment, can not be used as solemn admissions in judicio, so as to effect an estoppel to deny them. *Alabama Midland Ry. Co.* v. *Guilford*, 114 *Ga.* 627 (40 S. E. 794); *Mims* v. *Jones*, 135 *Ga.* 541 (69 S. E. 824); *Norris* v. *Rawlings*, 138 *Ga.* 711 (76 S. E. 60).

2. On an issue between a grantor and grantee in a deed to land given to secure a debt, where the deed was assailed as void by being infected with usury, there was introduced in evidence a writing purporting to be signed by both parties one day before the date of the deed and four days after the money had been advanced, which, without mentioning the deed, obligated the grantor to make to the grantee monthly payments of specified sums and at a later date another sum, and obligated the grantee, upon the making of these payments, to convey the land to the grantor. The sums specified in the paper were not referred to as principal or interest, but the monthly payments were sufficient in amount to exceed the legal rate of interest in the amount specified as the last payment. Another paper was introduced, dated nearly two years after the money was advanced, purporting to be a bond for title from the grantee to the grantor, relating to the same land, which specified payments as mentioned above, and called the monthly payments, as interest on the larger sum. There was no evidence of delivery of this paper, and the grantor testified that he had never seen it before the day of trial. *Held*, that it was not erroneous to permit the grantee to testify that the grantor owed him other money, that the interest charged on the loan secured by the deed was at the rate of seven per cent., that the other money was at the rate of 12 per cent., that in drawing the paper called the bond for title the interest on both debts was comprehended by the monthly payments, and that no usury was charged on the loan.

3. The homestead exemption provided for by the constitution of 1877 (Civil Code, § 3377) does not apply as against taxes or debts for purchase-money of the property, for labor done thereon, for material furnished therefor, or for the removal of incumbrances thereon. Under this law, purchase-money and debts incurred in removing incumbrances have the same status.

(*a*) Where money was borrowed and used to pay the purchase-money of land, and in virtue of such payment the borrower received a deed for the land, and subsequently obtained a homestead under the Civil Code, § 3377, covering the land, the lender of the money was entitled to be paid the amount of his principal, with lawful interest, in preference to the homestead of the debtor. This priority of the lender of the money would not be affected by the fact that the lender may have charged usury. *McWilliams* v. *Bones*, 84 *Ga.* 203 (10 S. E. 724); *Wilkins* v.

*Gibson,* 113 *Ga.* 31 (38 S. E. 374, 84 Am. St. R. 204). The portions of the charge to the jury upon which error was assigned were in accord with the foregoing, and were adjusted to the evidence.

4. When the case was here on a former occasion (*McConnell* v. *Gregory,* 141 *Ga.* 46, 79 S. E. 1128), it was ruled: "A conveyance of land executed by a borrower to secure a debt infected with usury is void and ineffectual to pass title. Civil Code, § 3442. Therefore the maker of such a conveyance may, subsequently to its execution, have a valid homestead set apart in the property sought to be so conveyed; which homestead will not be subject to a judgment recovered on the debt, notwithstanding the usury was eliminated when the judgment was taken. Applying these rulings to the evidence in this case, the court erred in directing a verdict finding the . property subject." On the subsequent trial the judge submitted the case to the jury on conflicting evidence.

5. The evidence authorized a verdict finding the property subject, and the grounds of the motion for new trial show no cause for reversal.

                       *Judgment affirmed. All the Justices concur.*
                       FEBRUARY 15, 1917.

Claim to land. Before Judge Thomas. Berrien superior court. January 8, 1916.

*Hendricks, Mills & Hendricks,* for plaintiff in error.
*Joseph A. Alexander,* contra.