9515. BASS & COMPANY *v.* VINSON *et al.*

LUKE, J. The vendors of certain personal property took from the vendees a promissory note, secured in the same instrument by a mortgage on the property sold, in which it was stated that the note was given "for purchase-money of one sorrel mare mule four years old, and one black mare mule seven years old, title only guaranteed," and the vendors instituted a proceeding to foreclose the mortgage for the amount of the

note, to which the vendees interposed an affidavit of illegality containing the following plea (after stating the consideration of the mortgage and the purchase-price of each of the animals) : "Affiants say that at the time the sorrel horse-mule was delivered to them the said mule was sick, and affiant Dan Vinson called plaintiffs' attention to the fact, and was informed by plaintiffs that the mule was not sick and would be all right in a few days. Acting on said statement, affiant Dan Vinson took said mule back to his farm. The said mule grew worse, and in two or three days he returned the mule to plaintiffs, with the complaint that he was sick and that he could not use him. Affiants say that the *plaintiffs accepted said mule, took possession of him, and in a few days he died in their possession* (italics ours). Affiants say, therefore, that they are not liable for the purchase-money of said mule, or any part thereof; that there has been a total failure of consideration in so far as the value of said mule is concerned." *Held:* The affidavit of illegality was not subject to general demurrer attacking it for legal insufficiency. The plea was a good plea of recission, and the fact that the pleader denominated it as a plea of failure of consideration does not defeat the plea or its effect. See Civil Code (1910) § 5635; *Bates* v. *First National Bank*, 111 *Ga.* 756 (36 S. E. 949) ; *Daniel* v. *Burson*, 16 *Ga. App.* 39 (84 S. E. 490). The court did not err in overruling the general demurrer to the plea.

2. The issue presented was one of fact, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

DECIDED FEBRUARY 11, 1919.

Affidavit of illegality; from Baldwin superior court—Judge Park. December 29, 1917.

Application for certiorari to review this decision was denied by the Supreme Court.

*Sibley & Sibley,* for plaintiffs, cited: *Holt* v. *Clary,* 146 *Ga.* 46; *Lufburrow* v. *Henderson,* 30 *Ga.* 482; *Bullard* v. *Brewer,* 118 *Ga.* 918; *Schofield-Burkett Construction Co.* v. *Rich,* 16 *Ga. App.* 321; Civil Code (1910), § 4339; *Crenshaw* v. *Jackson,* 6 *Ga.* 509; *Arnold* v. *Carter,* 125 *Ga.* 319.

*Allen & Pottle,* for defendant, cited: Civil Code, § 5635, and cases cited in the decision; *Holt* v. *Clary,* supra (distinguished).