*Jones, Park & Johnston*, contra.

---

### 15244. HOFFMAN *v.* FRANKLIN MOTOR CAR CO.

1. The direction of a verdict is in legal contemplation a final judgment from which a writ of error will lie. *LeGere* v. *Blakely Ginning Co.*, 11 *Ga. App.* 325 (1) (75 S. E. 163), and cases cited.

2. It is an indispensable requisite of a motion for continuance on the ground of surprise, made by the defendant after an amendment by the plaintiff to his petition, that the movant make oath, or his attorney state in his place, "that such surprise is not claimed for the purpose of delay." This matter is not left to inference, and there must be an express statement to that effect in the record. *Atlantic & Birmingham R. Co.* v. *Douglas*, 119 *Ga.* 658 (1) (46 S. E. 867); Civil Code (1910), § 5714. The application for continuance in the case at bar was lacking in this essential particular.

3. In case of a sale of a chattel, where the parties have reduced to writing what appears to be a complete and valid contract of sale, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire agreement, and parol evidence of prior or contemporaneous representations, statements, or agreements in regard to the subject-matter is inadmissible to add to, take from, or vary the written instrument. *Bond* v. *Perrin*, 145 *Ga.* 200 (1) (88 S. E. 954); s. c. 18 *Ga. App.* 179; *Pryor* v. *Ludden & Bates*, 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Dyar* v. *Walton*, 79 *Ga.* 466 (2) (7 S.

E. 220) ; *Reeves Tractor & Implement Co.* v. *Barrow,* 30 *Ga. App.* 420 (1)
(118 S. E. 456).

4. Where, without fraud, accident, or mistake touching its execution, the
parties to a sale of personalty enter into a written contract with respect
thereto in which is contained a stipulation that "the vendor does not
warrant said property and makes no representation concerning same
except that the title to same is in the vendor and free from incum-
brance," such stipulation amounts to an express refusal by the vendor
to warrant the property except as to title, and the vendee cannot con-
tradict the terms thereof by pleading a breach of the other ordinary
implied warranties of the law or of express warranties and representa-
tions made by the vendor prior to or at the time of the sale, as to the
condition of the property sold. *Harrell* v. *Holman,* 21 *Ga. App.* 159 (1)
(93 S. E. 1021) ; *Payne* v. *Chal-Max Motor Co.,* 25 *Ga. App.* 677 (1)
(104 S. E. 453) ; *Branch* v. *James,* 4 *Ga. App.* 90 (60 S. E. 1027) ; *Connell*
v. *Newkirk-George Motor Co.,* 28 *Ga. App.* 382 (111 S. E. 749) ; *Wash-
ington & Lincolnton R. Co.* v. *Southern Iron & Equipment Co.,* 28 *Ga.
App.* 684 (1) (112 S. E. 905).

5. The answer in this case, with the proffered amendments, in seeking to
set up the defense of a rescission of the contract of sale by mutual
consent, under the provisions of the Civil Code, § 4304, was fatally
defective in that it failed to show that the vendor accepted the return
of the property in lieu of payment of the purchase price, but only upon
the promise that it would "make some satisfactory adjustment with the
defendant," which was never executed. Such averments did not establish
a sufficiently definite agreement touching the alleged rescission, showing
that the minds of the parties had failed to meet with respect thereto.

6. Neither did the answer, together with the proffered amendments, set
forth the defense of accord and satisfaction. Where accord and satis-
faction is pleaded in bar to a suit based on the original cause of action,
it must appear that the accord has been fully executed.

7. The action in this case was based upon ordinary promissory notes, the
consideration of which was not disclosed in the suit. At the appearance
term the defendant filed an answer alleging that the notes had been
given as a part of the purchase price of an automobile, and undertaking
to set up the defenses of fraud, failure of consideration, and mutual
rescission or accord and satisfaction. At a subsequent term of the
court the plaintiff tendered and the court allowed an amendment to the
petition, in which it was averred that contemporaneously with the sale
the parties entered into a written contract fixing the terms thereof,
including the stipulation set forth in paragraph 4 above. Thereafter
the court disallowed certain amendments to the defendant's answer,
struck the original plea, and directed a verdict in favor of the plaintiff.
*Held:* Under the several rulings made above, and considering the terms
of the sales contract (assuming its execution), none of the defenses
pleaded were valid; but the failure of the defendant to answer the
amendment to the petition, averring the execution of the sales contract,
would not authorize the court to treat the allegations in the amendment
in respect thereto as being admitted. The defendant is not required to
answer an amendment to the plaintiff's petition. However, if he answers
it voluntarily, he will be bound by any admissions which he makes of

the facts therein alleged, and the proposed amendments to the answer in this case are construed as containing an admission of the execution of the sales contract set forth in the previous amendment to the petition. Without such admission the court could not properly have struck the defendant's original answer, treating it as setting forth good defenses to the suit as originally framed; and while the amendments to the answer were rejected, and therefore never became a part of the original plea so as to make the entire plea as amended subject to a motion to dismiss in the nature of a general demurrer, the plea would have become so subject instantly upon the allowance of the amendments which the defendant insisted upon, and upon the refusal of which he assigns error. It thus appears from the entire record that the correct legal result was reached, and that the defendant was not harmed by the irregular procedure adopted in attaining it.

DECIDED APRIL 24, 1924.

Complaint; from DeKalb superior court—Judge Hutcheson. November 15, 1923.

*Harwell, Fairman & Barrett,* for plaintiff in error.

*Smith, Hammond & Smith,* contra.

BELL, J. Proceedings were had in this case in the following chronological order:

(1) Franklin Motor Car Company filed suit against J. Leon Hoffman to the February term, 1923, of the superior court of DeKalb county, upon plain, ordinary promissory notes, the consideration of which was not disclosed in the suit. Each note, however, contained a statement that it was one of a series of notes secured by a "title contract."

(2) At the appearance term the defendant filed an answer admitting the execution of the notes sued upon, alleging that they were executed for the purchase price of an automobile, and setting up what in this case we will treat as sufficient pleas, to the suit as originally filed, of fraud and failure of consideration. The alleged fraud related only to the condition of the car. It was alleged that the car was worthless. The plea alleged also certain facts which the plaintiff in error, the defendant in the court below, has sought to sustain in this court alternatively,—that is, either as a plea of mutual rescission of the contract, or of accord and satisfaction, the same being contained in paragraph 11 of the answer as follows: "For further plea defendant says that on or about December 10, 1922, the contract was rescinded and the car returned to plaintiff, and is now in their possession. A short time before this last return of the car defendant had returned it

and refused to take it back, and plaintiff came to defendant and requested him to give it another trial, and told him if it did not run satisfactorily they would take it back and make some satisfactory adjustment with defendant. Relying upon this agreement, defendant again took the car, to give it another trial, and, after ten days trial, found it would not run, and finally delivered it back to plaintiff as above stated."

(3) When the case was called for trial at a subsequent term of court the plaintiff offered and the court allowed an amendment to the petition, adding thereto a copy of the contract referred to in the notes sued on, and averring that such contract was executed by the defendant contemporaneously with the notes. The contract set out in the amendment contained the following stipulation: "The vendor does not warrant said property, and makes no representation concerning same except that the title to same is in the vendor and free from incumbrances." The notes were described in the contract conformably with the averments of the original petition.

(4) Thereupon the defendant offered two amendments, the first of which, in connection with additional averments upon the subject of fraud and failure of consideration, included the following references to a contract executed between the parties, touching the sale: "All of the representations were made to defendant prior to the purchase and delivery of the car, and prior to the signing of the contract to purchase and the notes therefor, that is the notes sued on;" "defendant, . . relying on said representations, accepted the car, signing the purchase contract, and gave his notes for same, the notes sued on." There were also in this amendment several additional statements similar to these, signifying that the defendant had signed a sales contract, referred to by him as "the contract," "said contract," or "his contract." This amendment sought to add the following to the averments of the original plea upon the subject of rescission (or accord and satisfaction): "The circumstances leading up to the rescission of the contract between the parties as set forth in the 11th paragraph of defendant's original answer were substantially as follows: The car commenced to give trouble soon after defendant purchased it, and would not run. Defendant took it back to plaintiff for repairs from time to time, and, upon their assurances that they would fix it, he would

take it back and try it again. This occurred as many as a dozen times, possibly more, defendant attempting in good faith to keep it. Defendant needed the car for use in his business as a landscape gardener and architect, which necessitates the use of a car every day. Over half the time defendant had it and was attempting to use it, it was in the shop for repairs, to his inconvenience and loss in business. Not being a mechanic, defendant is not able to say what the trouble was with the car, but does allege that it would not run. He alleges further that it would make only seven or eight miles on a gallon of gasoline. Defendant would take the car back to plaintiff from time to time, and plaintiff would attempt to repair it, and would assure defendant that it was all right, and defendant would take it out and try it again, and trouble would immediately develop and the car would not run. After thus attempting to run it under the circumstances related, defendant returned it to plaintiff and refused to take it back, and plaintiff came to defendant and requested him to give the car another trial, assuring him they would not expect him to keep the car if they could not make it satisfactory to him, and told him if he would take it back and try it again, and if it did not run satisfactorily, they would take the car back and make some satisfactory adjustment with defendant. Relying upon this agreement, defendant again took the car to give it another trial and after ten days trial found it would not run, and finally delivered it back to plaintiff, and they now have it. This rescission of the contract of sale of said car took place on or about December 10, 1922, wherefore, because of said rescission, defendant is not indebted to plaintiff in any amount on the notes sued on, but on an adjustment of the equities between the parties, plaintiff is due defendant the sum of $250."

The second amendment was as follows: "With further reference to the agreement between the parties, rescinding the contract of purchase of said car, said rescission agreement was for the purpose of settling the differences existing between the parties,—in other words, as a compromise or settlement of their differences with reference to said car,—defendant claiming all the time to plaintiff that the car would not run, and plaintiff promising to fix it; and it was to compromise and settle their differences without recourse to litigation that the rescission came about, and in

pursuance of that agreement defendant delivered the car back to plaintiff. These negotiations and the agreement rescinding said contract, as set forth *in his original answer* and the amendment heretofore presented, and in this amendment, were had with W. T. Harmon, agent and representative of plaintiff, and with Mr. Beall, who was agent and manager of said plaintiff company at the time said negotiations and said agreement to rescind took place."

(5)    The amendments to the defendant's answer were disallowed; the original plea, upon the motion of the plaintiff, was stricken; and a verdict was directed for the plaintiff for the full amount sued for.

1-4.    Nothing need be added to the rulings announced in headnotes 1, 2, 3 and 4.

5.    We construe the answer and the proffered amendments as attempting to plead a rescission by mutual consent, under the Civil Code, § 4304, which provides as follows: "A rescission of the contract by consent, or a release by the other contracting party, is a complete defense." See, upon this question, the following: *Cheek* v. *McWhorter,* 29 *Ga. App.* 109 (1) (2) (113 S. E. 812); *Manley* v. *Underwood,* 27 *Ga. App.* 822 (1) (3) (110 S. E. 49); *Daniel* v. *Burson,* 16 *Ga. App.* 39 (1) (84 S. E. 490); *Battle* v. *Holmes,* 146 *Ga.* 245 (3) (91 S. E. 32); *Crutchfield* v. *Dailey,* 98 *Ga.* 462 (1) (25 S. E. 526); *Barnett* v. *Terry,* 42 *Ga.* 283; *Johnson* v. *Worthy,* 17 *Ga.* 420 (2).

A rescission of an executory contract of sale must be pleaded with substantially the same definiteness as any other contract or agreement. In order for a plea successfully to set up a rescission as a defense to a suit upon the contract, it must appear, directly or impliedly, that the parties are to be restored to their original status. It is not sufficient "to simply set out the fact as a legal result; but the opposite party is entitled to be put in the possession of the circumstances relied on to establish it." *Barnett* v. *Terry,* 42 *Ga.* 283, 287; *Daniel* v. *Burson,* supra; *Sleen* v. *Harris,* 81 *Ga.* 681 (2) (3) (8 S. E. 206).

In this case the plea, together with the amendments tendered, only averred that subsequently to the sale, when the automobile was giving the defendant trouble, the plaintiff insisted that the defendant should try it again, and agreed that "if it did not run satisfactorily, they would take the car back and make some satis-

factory adjustment with the defendant," and that, relying upon this agreement, the defendant, after another unsuccessful effort to use the car, "finally delivered it back to the plaintiff, and they now have it." What the defendant here calls an agreement to rescind is too vague, uncertain, and indefinite to be enforceable. On the contrary, it affirmatively appears from the answer and the proffered amendments that the minds of the parties failed to meet, for neither could know what were the obligations of himself or the other under such agreement. A rescission fully executed, by which the vendee surrenders the property to the vendor and the vendor cancels the obligations of the vendee for the purchase-money, is valid, and binding on the parties (*Barnett* v. *Terry,* supra; *Daniel* v. *Burson,* supra; *Steen* v. *Harris,* supra) ; but as indicated above, it should appear in the plea, at least by implication, that the alleged rescission had this effect. If there may be such a thing as a pro tanto rescission, the plea in this case fails to show to what extent the obligation to pay the purchase-money was extinguished. If the defendant could claim the value of the car in the hands of the plaintiff, as a credit or an extinguishment to that extent of the remainder of the unpaid purchase-money, this does not strengthen the defendant's position, for the reason that elsewhere in his answer he alleged that the automobile was worthless.

The facts as the defendant has stated them do not show an agreement to rescind the contract of sale, and thus to extinguish the defendant's obligation for the purchase-money, but merely a promise on the part of the plaintiff that it would reacquire the property upon terms as to which the parties have reached no agreement. There was no sufficient defense of a mutual rescission, either in the original answer or in the answer and the amendments taken together.

6. Nor can the averments which we have discussed in the preceding division of this opinion be considered a sufficient plea of accord and satisfaction. "Where accord and satisfaction is pleaded in bar to a suit based on the original cause of action, it must appear that the accord has been fully executed." Accord executed is satisfaction; accord executory is only substituting one cause of action in the room of another, which might go on to any extent. Every accord ought to be full, perfect, and complete; for if divers

things are to be performed by the accord, the performance of part is not sufficient, but all ought to be performed. If the thing is to be performed at a day to come, tender and refusal is not sufficient, without actual satisfaction and acceptance. To be good, the accord must be fully executed; execution of part and tender of performance of residue is not sufficient. As long as the accord is executory, although it is partially performed, the original cause of action is not extinguished. Such was the language of the Supreme Court in *Long* v. *Scanlan,* 105 *Ga.* 424 (2), 426 (31 S. E. 436). See also *Kennedy* v. *Maddox,* 15 *Ga. App.* 684 (1) (84 S. E. 153). What we have said above as to the indefiniteness of the plea as one of rescission applies as well if it be treated as a plea of accord and satisfaction.

7. We think that the original answer sufficiently set forth the defenses of fraud and failure of consideration as to the suit as originally framed, but it is unnecessary to decide whether it did or did not, in the view which we take of the case as a whole. Treating the plea as being sufficient at the time it was filed, as against an oral motion to strike, it could not be rendered bad by a subsequent amendment to the plaintiff's petition. The failure of a defendant to answer an amendment to the petition does not authorize the court to treat the allegations in the amendment as being admitted. *Hudson* v. *Hudson,* 119 *Ga.* 637 (4) (46 S. E. 874). While a defendant may file an answer to an amendment to the petition, admitting or denying material allegations in the amendment, or stating why he can neither admit nor deny them, he is not required to make answer to an amendment. *Brown* v. *Atlanta, Birmingham & Atlantic R. Co.,* 131 *Ga.* 259 (1) (62 S. E. 186). See further, on this subject: *National Pencil Co.* v. *Pinkerton's National Detective Agency,* 19 *Ga. App.* 429 (1), 432 (91 S. E. 432); *McElmurray* v. *Blodgett,* 120 *Ga.* 9 (2) (47 S. E. 531); *Miller* v. *Georgia Railroad Bank,* 120 *Ga.* 17 (3) (47 S. E. 525); *Raleigh & Gaston R. Co.* v. *Pullman Co.,* 122 *Ga.* 700 (6), 707 (50 S. E. 1008); *Watson* v. *Barnes,* 125 *Ga.* 733 (1) (54 S. E. 723); *Brown* v. *Tomberlin,* 137 *Ga.* 596, 600 (73 S. E. 947).

The mere fact, therefore, that the plaintiff amended its petition, setting up a sales contract containing a stipulation which would exclude the defenses of fraud and failure of consideration, would not have authorized the court to strike the original plea. Whether

such contract existed as alleged in the plaintiff's amendment would ordinarily be a matter of proof, with the burden upon the plaintiff. If such contract was executed and contained the stipulation that the vendor did not warrant the property in any manner except as to title, the defenses set up in the original plea would be excluded; but the defendant must in some way be committed to such contract before he is estopped to rely on such defenses. If he is so committed only in the evidence, the plaintiff can only take advantage of the fact by invoking a ruling upon the evidence, and not by a motion to strike the plea. We think, however, that the first amendment which was offered to the defendant's answer in this case contained an admission of the execution of the contract set forth in the amendment which had been allowed previously to the plaintiff's petition. While, as stated above, the defendant was not required to answer the amendment, if he did so he is bound by any admission which he may have made of any facts therein alleged. *Raleigh & Gaston R. Co.* v. *Pullman Co.*, supra. As is shown in the statement of facts, the defendant in the first of his proffered amendments several times admitted the execution of *the contract*. He does not make specific reference to the plaintiff's amendment, but we think no other inference is reasonably possible than that *the contract* referred to in the tendered amendment to the answer was the contract set forth in the plaintiff's amendment.

The word "the" is a definitive, and is commonly used before nouns which are specific or understood. As used here it was indicative of something already before the court in the pleadings. The only contract which had thereto been referred to was that alleged in the plaintiff's amendment. Necessarily this is the contract whose execution the defendant in one of his amendments admitted.

But the amendments, having been rejected, never became a part of the original plea so as to render it bad as a whole and subject to a motion to strike (compare *Hicks* v. *Beacham*, 131 *Ga.* 89 (2) (62 S. E. 45); *Griffin* v. *Russell*, 144 *Ga.* 275 (2) (87 S. E. 10, L. R. A. 1916F, 216); *Pollard* v. *Blalock*, 147 *Ga.* 406 (2) (94 S. E. 226)); and yet if they had been allowed, as the defendant insisted in the court below and insists here they should have been, the plea as a whole, by reason of the averments referred to in the

amendment first offered, would at once have been subject to such motion. The proffered amendments are now before us as a part of the record, and, construing them and the original answer together, no defense whatsoever was set forth as against the amended petition.

While it was error to strike the plea as originally filed, it appears from the record that the correct legal result was reached, and the defendant was not harmed by the improper method adopted in attaining it. Giving to the defendant the benefit of everything pleaded and of everything which he offered to plead, a finding is demanded in favor of the plaintiff for the amount sued for. It follows that the action of the court in directing such finding should not be reversed because of the error to which we have referred. See *Norris v. Rawlings,* 138 *Ga.* 711 (3) (76 S. E. 60).

Our decision necessarily involves a holding that the defendant's first amendment should be construed as admitting the execution of the contract set up by the plaintiff's amendment to the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*