16015. FRANKLIN MOTOR-CAR COMPANY v. CHAMBERS.

STEPHENS, J. 1. In a suit upon a promissory note given for the purchase-price of an automobile, a plea which alleges that the defendant, after having bought from the plaintiff an automobile and paid part of the purchase money therefor and given notes for the balance, returned the automobile to the plaintiff, and at the time stated to the plaintiff that he (the defendant) would not accept the automobile, and demanded of the plaintiff a return of the money paid upon the purchase-price, and a cancellation of the defendant's notes, and that the plaintiff accepted the automobile and "agreed to adjust the matter in a day or two," and "has had possession of said car ever since said date," sufficiently alleges a contract of rescission, in that it alleges a tender of the automobile to the plaintiff by the defendant upon condition that the sale be rescinded and the defendant's money and notes be returned to him, and an acceptance of the automobile upon these conditions by the plaintiff. The ruling here made is distinguishable from that in the case of *Hoffman* v. *Franklin Motor Car Co.*, 32 *Ga. App.* 229 (122 S. E. 896), in which it was held that a plea which alleges that the purchaser redelivered to the seller the automobile purchased, after the seller had agreed that if the automobile did not run satisfactorily the seller would take it back and "make some satisfactory adjustment" with the purchaser, and that the automobile was in the possession of the seller, is, by reason of its being vague and uncertain and failing to show a meeting of the minds, insufficient to constitute an agreement to rescind.

2. Where, in support of such a plea of rescission, there is evidence to the effect that the automobile was returned by the defendant to the plaintiff's place of business where the sale had been made, accompanied by the statement of the agent of the defendant who returned the automobile that the defendant did not want it, and where there is evidence to the effect that the individual who, as salesman for the plaintiff, sold the automobile to the defendant, afterwards came to the defendant and agreed to return to the defendant the unpaid notes and to refund to

him the amount of money paid upon the purchase-price, and where there is evidence to the effect that the automobile remained in the possession of the plaintiff and no demand was made upon the defendant for the payment of any of the unpaid notes until suit was filed thereon, more than nine months after the date of the agreement, and where, in the meantime, the notes had been maturing monthly and the last note had matured more than four months prior to the filing of the suit, the inference is authorized that the defendant, in returning the automobile to the plaintiff, tendered a rescission of the contract of sale, and that the plaintiff accepted the automobile upon such condition.    The evidence, therefore, sustained the defendant's plea of rescission.

3. The general demurrer to the plea was properly overruled.    The charge of the court was properly adjusted to the pleadings and the evidence, and fairly submitted the issues.

4. The verdict for the defendant against the plaintiff, for the amount which the defendant had paid upon the purchase-price of the automobile, was authorized by the evidence.

> *Judgment affirmed.    Jenkins, P. J., and Bell, J., concur.*
>
> DECIDED SEPTEMBER 14, 1925.

Complaint; from DeKalb superior court—Judge Hutcheson. September 29, 1924.

Application for certiorari was denied by the Supreme Court.

*Smith, Hammond & Smith,* for plaintiff.

*McElreath & Scott,* for defendant.