## WILLIAMS v. FOUCHE.

HINES, J.   1. While it is true that where a party to a case is the only witness who testifies to the material facts in his case, and where his testimony is susceptible of two constructions, the one least favorable to his interest should be adopted (*Baggett* v. *Trulock*, 77 *Ga.* 369, 3 S. E. 162; *Burkhalter* v. *Oliver*, 88 *Ga.* 473, 14 S. E. 704), this principle is applicable only where the testimony of the party is clearly conflicting, and is unsupported by other evidence. This case falls within the general rule that the credit to be given to the testimony of a witness is a matter for the jury.

2. There is evidence in the record from which the jury was authorized to find that a partnership existed between the parties prior to the making of the contract which the plaintiff seeks to have canceled; and the trial judge did not err in giving to the jury pertinent instructions based upon the theory of the existence of a partnership between the parties, and the fiduciary relation resulting therefrom.

3. Applying the above rulings, the court below did not err in giving to the jury the instructions set out in paragraphs A, H, and I of the first ground of the amendment to the defendant's motion for new trial, the exceptions to such instructions being based upon the ground that there was no evidence of the existence of a partnership between the parties, and the fiduciary relation resulting therefrom.

4. Admissions in an answer to a petition are not mere suggestions of counsel, but are imputable to and admissible against the defendant making them, even though the portion of the answer containing such admissions is withdrawn or stricken; especially are they admissible where the answer is sworn to. *Lamar* v. *Pearre*, 90 *Ga.* 377 (17 S. E. 92); *McConnell* v. *Gregory*, 146 *Ga.* 475 (91 S. E. 550).

5. It is true, as a general rule, that representations which fall under the general head of "dealer's talk" are regarded as mere commendation, puffing, or expression of opinion, and can not be made the basis of a charge of fraud, which would entitle the complaining party to have the contract of sale set aside and annuled. 35 Cyc. 71 (2), note 48, and cit.; 24 R. C. L. 341, § 631, note 13, and cit. "Mere 'puffing' does not constitute legal fraud." *Terhune* v. *Coker*, 107 *Ga.* 352 (33 S. E. 394).

(*a*) It is difficult to lay down an absolute test for determining what statements are representations which come within "dealer's talk." Where representations amount to mere expressions of opinion, they come within the scope of this rule, and do not, though untrue, constitute such false representations as will avoid the contract.

---

Corporations, 14 C. J. p. 693. n. 82; p. 694, n. 99; p. 695, n. 3, 4.

Evidence, 22 C. J. p. 331, n. 97; p. 332, n. 3, 11; 23 C. J. p. 33, n. 53.

Fraud, 26 C. J. p. 1064, n. 51; p. 1080, n. 87; p. 1082, n. 89, 91, 3; p. 1083, n. 6; p. 1097, n. 22; p. 1098, n. 27, 32.

Partnership, 30 Cyc. p. 476. n. 35.

Sales, 35 Cyc. p. 70, n. 46; p. 71, n. 48, 51.

Trial, 38 Cyc. p. 1518, n. 69; p. 1520, n. 70; p. 1521, n. 81; p. 1601, n. 52; p. 1611, n. 3; p. 1617, n. 34; p. 1623, n. 47; p. 1707, n. 98.

(*b*) But where the owner of the entire capital stock of a corporation, which was chartered to conduct a sawmill business, represented to the purchaser of one half thereof that the corporation had purchased 2,260 acres of land, with the timber thereon, at the price of $40,000, of which the company had paid $11,000, and that the remainder of the purchase-money could be paid upon a stumpage basis at the rate of $5 per thousand feet, as the company cut the timber on these lands, such representation was one of a material fact, and if false, and known to be so to the seller, and made to induce the purchaser to buy from the seller shares of the capital stock of the corporation, and if the buyer relied upon such representation and on the faith thereof bought said stock, it would entitle the purchaser to have the contract of sale rescinded and canceled. Civil Code (1910), §§ 4113, 4305; *Smith* v. *Mitchell*, 6 *Ga.* 458; *Emlen* v. *Roper*, 133 *Ga.* 726 (66 S. E. 934).

6. In view of what is ruled in the preceding headnote, none of the instructions set out in paragraphs B, C, D, E, F, G, and J of the fourth ground of the amendment to the defendant's motion for new trial require the grant of a new trial, although some of those instructions are not adjusted with entire accuracy to the facts of the case.

7. The instructions set out in paragraphs A, B, and C of the fifth ground of the amendment to the defendant's motion for new trial are not erroneous for any of the reasons assigned. The instruction complained of in paragraph A is not subject to the criticisms urged against it. Properly construed, it did not have the effect of impressing the jury with the idea that they were authorized to find in favor of the excuse made by plaintiff for not making a tender before beginning suit. When the case was here before, this court held that the evidence did not demand a finding in favor of the plaintiff on this subject. *Williams* v. *Fouché*, 160 *Ga.* 801 (3) (129 S. E. 49). Inferentially it was held that the evidence was such as to require the jury to pass upon its sufficiency to establish this excuse. The evidence authorized the instruction set out in paragraph B. The charge in paragraph C did not restrict the jury, as urged by movant, and was authorized by the evidence.

8. The court did not err in refusing to give to the jury the instructions embodied in the request set out in the sixth ground of the amendment to the defendant's motion for new trial, as it was argumentative, in part was inaccurate, and was not itself properly adjusted to the issues involved.

9. The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*

*Bennet & Peacock,* for plaintiff in error.

*S. B. Lippitt,* contra.