D. Ormonde Ritchie, J.
Petitioners bring this proceeding pursuant to section 330 of the Election Law, to compel the Board of Elections of Nassau County to accept and file their petitions designating them as candidates in the primary election to be held on September 10, 1957, for the Republican Party nominations for public office in the several towns of said county.
These petitions were presented for filing on August 6, 1957, and were rejected by the Board of Elections.
The Nassau County Democratic committee appeared upon the return date of the order to show cause commencing this proceeding and upon its application was granted leave to participate in the proceeding as amicus curies.
The petitioners claim that subdivision 5 of section 131 of the Election Law governs the method of nominating candidates for town offices in Nassau County. This subdivision reads in part as follows: ‘1 Party nominations of candidates for town and village offices, in any county, shall be made in the manner prescribed by the rules of the county committee, heretofore or here *361 after adopted, except that in any town in a county having a population of over seven hundred fifty thousand inhabitants party nominations of candidates for town offices shall be made at the fall primary preceding the election ”. (Italics supplied.) In support of their claim the petitioners rely upon the results of a special population census of the County of Nassau taken in the Spring of this year under the supervision of the United States Bureau of the Census pursuant to contract with all of the towns and cities therein as provided for in section 20 of the General Municipal Law, which said census showed the population of the county to be in excess of 1,000,000 persons.
In rejecting the petitions, the Board of Elections raises the question whether the population shown by the special census taken this year or the last decennial Federal census taken in the year 1950, which showed the population of the county to be 672,675, fixes the number of inhabitants for the purpose of determining the method of nominating party candidates for town office. The board urges that the 1957 census was a special census taken for a special purpose, namely, to increase the amount of State aid to be received by the county from the State, and that therefore the population of the county as shown by the last decennial census should control. If such be the case, then these nominations must be made by the members of the Nassau County Republican committee within each of the townships at a convention duly called for that purpose, pursuant to a long-standing rule of the Nassau County Republican committee.
No method of determining population is prescribed by the Election Law. However section 37-b of the General Construction Law provides “ The term population when used in relation to this state, or a municipality or other subdivision thereof, or a portion of such a municipality or subdivision, shall, unless otherwise provided in relation to such use, mean population as shown by the latest federal or state census or enumeration preceding the time as of which such population is to be determined.” (Italics added.)
Thus, the question here presented is whether the special census taken pursuant to section 20 of the General Municipal Law is the latest Federal census contemplated in section 37-b of the General Construction Law. An exhaustive search has failed to reveal any precedent in this State which might help to determine the question.
There is no challenge herein as to the accuracy of the special census taken nor is it disputed that it was an official census taken by the United States Bureau of the Census.
*362 “ A census has been defined as an official enumeration of the population of a country or a city or other administrative district, generally with classified information relating to social and economic conditions ”. (See City of Compton v. Adams, 33 Cal. 2d, 596.)
The special census taken unquestionably is the latest Federal census. If intended to be otherwise the statute would have stated that the census intended to be used for the purpose of determining the population would have been the last Federal decennial census. Where the intent is to restrict the meaning and require reference to the national decennial census to ascertain population, the statute expressly so provides. (See City of Compton v. Adams, supra.) For example, section 4 of article III of the New York State Constitution, relating to readjustments and reapportionments of Assembly and Senate Districts, expressly refers to the Federal decennial census and under what circumstances it shall control. On the other hand, section 11 of article VI of the same Constitution, dealing among other things with the increase in the number of county judges of a county in accordance with the increase in population, significantly omits any reference as to how the population must be determined.
In the light of the foregoing the court finds that in the situation here presented neither the Election Law nor the General Construction Law requires the enumeration of inhabitants of a county to be ascertained by the last Federal decennial census.
The latest Federal census having been taken pursuant to the provisions and authorization of section 20 of the Municipal Law and it having been determined therefrom that the population of Nassau County is in excess of 750,000, subdivision 5 of section 131 of the Election Law determines the method of nominating candidates for town offices in the county.
The Board of Elections of Nassau County is directed to accept the petitions offered and file the same.