The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on whether the provisions of A.C.A. § 14-43-303 (1987) will be applicable to the City of Fayetteville if the current special census being conducted in that area shows, at completion, a City population in excess of fifty thousand, as is anticipated. That statute sets out the relevant times of election and the terms of office of various city officials and applies to cities of the first class with the mayor-council form of government and a "population of fifty thousand persons or more, according to the latest federal census." Your first question thus centers on whether the special census now being conducted is the "latest federal census" for purposes of A.C.A. § 14-43-303, so as to trigger applicability of the statute. If so, you also request an answer to a number of questions concerning how and when the City of Fayetteville must adjust the terms of its elected officials to comply with the provisions of the statute.
By way of background, you have stated that:
 1. Fayetteville (the City), formerly under a city manager form of government, is currently governed under the mayor-council form of government.
 2. The City is divided into four (4) wards and chose by ordinance that all of its eight (8) aldermen be elected by ward and voted upon by the qualified electors of the ward from which the person is a candidate (pursuant to A.C.A. § 14-43-307(b)(1)(A)).
 3. The City's Aldermen are currently elected to two year terms at each regular general election.
 4. The Mayor is currently serving a four (4) year term which expires at the end of 1998.
 5. The City Attorney and City Clerk are currently serving four (4) years terms which expire at the end of 1998.
 6. The Municipal Judge is currently serving a four (4) year term which expires at the end of 2000.
You pose the following questions relative to these facts:
 Assuming the special census certifies in 1997 that Fayetteville has a population of 50,000 persons or more:
 1. Is a special census the `latest federal census' for purposes of A.C.A. § 14-43-303(a)(1)(A)?
If so, please also address the following questions:
 1. Under A.C.A. § 14-43-303 the mayor is to be elected in the general election in the year 1960 and every 4 years thereafter. This would require the mayor to be elected to a four (4) year term in the general election in the year 2000. How should Fayetteville's mayor comply with this requirement? Should Fayetteville's mayor run for a two (2) year term in 1998 and in 2000 for a four (4) year term, or is some other method required?
 2. Under A.C.A. § 14-43-303 one (1) alderman from each ward is elected every four (4) years after 1960 and 1 alderman from each ward is elected every four (4) years after 1962. How should Fayetteville's aldermen comply with this requirement? Should one (1) alderman from each ward run for a two year term in 1998 and 1 alderman from each ward run for a four (4) year term in 1998, or is some other method required? If one (1) alderman in each ward must run for a two year term, how is that alderman to be selected?
 3. Under A.C.A. § 14-43-303, the municipal judge is to be elected in the general election in the year 1962 and every four (4) years thereafter. How should Fayetteville's municipal judge comply with this requirement? Should Fayetteville's municipal judge serve out his present term expiring in 2000, run for a two (2) year term in 2000, and then run for a four (4) year term in 2002, or is some other method required?
 4. Under A.C.A. § 14-43-303, the city clerk is to be elected in the general election in the year 1960 and every four (4) years thereafter. This would require the city clerk to be elected to a four (4) year term in the year 2000. How should Fayetteville's city clerk comply with this requirement? Should Fayetteville's city clerk run for a two (2) year term in 1998 and in 2000 for a four (4) year term, or is some other method required?
 5. A.C.A. § 14-43-303(b) states that all qualified electors residing in these cities and entitled to vote in the elections shall have the right to vote at their several voting precincts for each and every candidate so to be nominated or elected. Fayetteville chose by ordinance enacted pursuant to A.C.A. § 14-43-307 to have each alderman voted upon only by the qualified electors of the ward from which the person is a candidate. Does A.C.A. § 14-43-303 allow this or does it require city wide elections for aldermen in cities of 50,000 or more even though they run from wards?
It is my opinion that the answer to your first question is "no," and that an answer to your remaining questions is therefore unnecessary.
As you have noted, the language used in the Arkansas Code Annotated §14-43-303(a)(1)(A), makes its provisions applicable to "cities of the first class which have a population of fifty thousand (50,000) persons or more, according to the latest federal census, and which also have the mayor-council form of government. . . ." (Emphasis added.) The original act giving rise to this code provision, however (Act 176 of 1959), makes reference only to "the Federal Census." See Acts 1959, No. 176, § 1. That is, as originally enacted by the legislature, this provision was made applicable to "cities of the first class which now have or may hereafter have a population of 50,000 persons or more according to the Federal Census, and which also have the mayor-council form of government." Act 176 of 1959, Section 1. This language is repeated in the title and emergency clause of Act 176. See Title, Act 176 of 1959 and Section 4 thereof. Apparently the reference to the "latest federal census" was inserted by the Arkansas Code Revision Commission when it compiled the Arkansas Code in 1987. The original act 176 of 1959 has not been amended since its original enactment. The Code Revision Commission apparently substituted the language "latest federal census" for the original language referring to cities "which now have or may hereafter have a population of 50,000 . . . according to the Federal Census."
Neither the legislature, nor the Code Revision Commission's language refers to the "federal Decennial census," which is the general census taken every ten years at the end of each decade. The legislature refers, rather, to "the Federal Census," and the Code compilers to "the latest federal census." The question presented is whether these references should be construed to include a "special census." Although it is not indicated in your request, I assume that the special census being conducted is also undertaken in some way under the auspices of the federal government or the "Bureau of the Census." See 13 U.S.C.A. § 196
(providing that the Secretary of Commerce may conduct special censuses for the government of any state, or of any county, city, or other political subdivision within a state upon payment to the Secretary of the actual or estimated cost of each such special census. The results of such a special census shall be designated "Official Census Statistics"). Such a "special census," however, covers less than the territory of the state as a whole and is clearly not a part of the federal Decennial census.
In my opinion the language of the original act is helpful in ascertaining and giving effect to the legislative intent, which is the guidepost of all attempts at statutory construction. See, e.g., Henson v. FleetMortgage Co., 319 Ark. 491, 892 S.W.2d 250 (1995). Although a court should not unsettle the force of every change made in a plainly worded code revision by inquiring into the authority of the revisers to make such change, where necessary to construe doubtful language in the revision, the original acts may be consulted to determine the meaning intended. 82 C.J.S. Statutes, § 385. In my opinion, although the meaning of the phrase "the latest federal census" may give rise to disagreements,[1] the ordinary meaning of the phrase "the Federal Census" is the federal Decennial census. Cf. City of Bisbee v. Williams,83 Ariz. 141, 317 P.2d 567 (1957) (stating that "it is true in the United States when one speaks of `the census' the term has come to be understood as meaning the United States Decennial census"). Id. at 569. It is my opinion that when the legislature used the term "the Federal Census," it intended to limit this phrase to the Decennial census. In my opinion this conclusion is bolstered by the rule of statutory construction which holds that the word "the" is a word of limitation. It is a word used before nouns with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of "a" or "an." See People v. Enlow,135 Colo 249, 310 P.2d 539 (1957); McClanahan v. Woodward Const. Co.,77 Wyo. 362, 316 P.2d 337 (1957); Hoffman v. Franklin Motor Car Co.,32 Ga. App. 229, 122 S.E. 896 (1924); State v. Campbell, 210 Mo. 202,109 S.W. 706 (1908); Succession of Dupre, 116 La. 1090, 41 So. 324 (1906); and United States v. Hudson, 65 F. 68 (W.D. Ark. 1894). In my opinion, the legislature in using the article "the" in "the Federal Census" intended to refer to the one and only federal Decennial census. The capitalization of the words "Federal Census," in my opinion, add force to this conclusion.
It is therefore my opinion that the answer to your first question is "no." Answers to your remaining questions are therefore unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] See generally, Harp, Mayor v. Abrahamson, 248 Iowa 222,80 N.W.2d 505 (1957), (holding that city census of 1954 was not the "latest federal census" within the meaning of a statute governing apportionment of road tax funds; such language, rather, referred to the latest federal Decennial census); and Sproul v. State, 153 Fla. 892, 16 So.2d 109 (1944) (words "the last state or federal census" referred to the regular federal census and regular state-wide census). But see contra, City of Bisbee v.Williams, 83 Ariz. 141, 317 P.2d 567 (1957) (phrase "the most recent federal census" includes a special census for privilege tax distribution purposes); Application of Burns, 167 N.Y.S.2d 304, 9 Misc.2d 360 (1957) (general statute defining "population" as that represented by "the latest federal or state census or enumeration" includes a special city census for purposes of determining method of nominating party municipal candidates); and State ex rel. Brubaker v. Brown, 56 O.O. 232,126 N.E.2d 439 (1955) (term "any federal census" includes a special census for city classification purposes).