## ATLANTA CITY STREET RAILWAY COMPANY *et al.* *v.* AMERICAN CAR COMPANY.

1. While the defense of "failure of consideration" is not available to defeat a recovery by the plaintiff in an action upon a promissory note which was in renewal of one previously given for the purchase of personal property, when it plainly appears that this defense is based solely upon alleged defects in the property of which the maker of the note sued on had full knowledge before executing the same, a plea in effect alleging that the renewal note was given to the plaintiff in consideration of a promise by the latter to repair the defects, that this promise had not been performed, and that in consequence of the breach thereof the defendant had been damaged in an amount stated, was meritorious.

2. This case, as to the point above ruled upon, differs from that of *Edison General Electric Co.* v. *Blount*, 96 *Ga.* 272. In that case there was not, as here, an allegation that separate and distinct damages resulted to the defendants from the breach of the new and independent promise by which they were fraudulently induced to sign the notes.

Argued December 7, 1897. — Decided January 10, 1898.

Complaint on note. Before Judge Reid. City court of Atlanta. May term, 1897.

*Anderson, Felder & Davis* and *Daley & Hall*, for plaintiff in error. *Fulton Colville*, contra.

LUMPKIN, P. J. · When this case was before this court at the October term, 1896 (100 *Ga.* 254), it was in substance ruled that the maker of a promissory note, executed and delivered in renewal of one previously given for the purchase of personal property, could not defeat a recovery thereon because of an alleged failure of consideration based on the ground that the property was defective, when it appeared that such maker had full and complete knowledge of the defects in the property at the time of signing the note. See opinion by Cobb, Justice. At the next trial of this case, an amended plea was offered, but the court disallowed the same; and the only question now presented for determination is whether or not there was error in holding that this amended plea was without merit. It alleged, in substance, that the note now in suit was in renewal of one which had been originally given for the purchase-price of certain car-bodies, that the new note was executed and delivered to the plaintiff in consideration of an express promise by it to repair the de-

fects in these car-bodies; that this promise had not been performed; and that in consequence of its breach the defendants had been damaged in an amount stated.

Where a party deliberately and in writing promises to pay for a thing which he knows to be defective or worthless, he ought not to be allowed thereafter to set up the defectiveness or worthlessness in question, for the purpose of avoiding compliance with his contract. But it is a very different thing when a party who has purchased a defective or worthless article, and who is called upon to give a note for the purchase-money, or renew a note already given for the same, exacts, as a condition to so doing, an undertaking by the opposite party to remedy or repair the defects. A promise by the latter to do this constitutes, under such circumstances, an entirely new and distinct consideration; and a failure to keep such a promise, resulting in injury to the maker of the note, affords good matter of defense. It is easy to conceive that a party would refuse absolutely to bind himself to pay for a defective piece of property, who might nevertheless very cheerfully do so upon a sufficient assurance that the defects would be remedied. If satisfied that they would be, he might justly feel that in executing and performing the promise to pay, he would obtain full value for the amount expended. We therefore think the amended plea should have been allowed to stand, and its merits passed upon by the jury in the light of the evidence.

This case obviously differs from that of *Edison Electric Co.* v. *Blount*, 96 *Ga.* 272. From an examination of that case, the distinction pointed out in the second headnote between it and the case now in hand will readily appear.

*Judgment reversed. All the Justices concurring.*