---

### FLOYD v. WOODS.

Although, pending negotiations for the purchase of an article of personalty, the seller may knowingly have made false representations as to its character and qualities, yet where such negotiations finally resulted in the making of an express agreement whereby the purchaser undertook to buy the " property entirely upon his own judgment, waiving all defects, either patent or latent, " as well as " the implied warranty upon the part of the seller, " raised by law, " that

he knows of no latent defects undisclosed," such purchaser can not be heard to set up in defense to an action on the contract that, in point of fact, he did not purchase upon his own judgment, but upon the faith of the seller's false and fraudulent representations made pending the negotiations which led up to the sale.

Argued April 28, — Decided May 16, 1900.

Certiorari.　Before Judge Janes.　Douglas superior court. November term, 1899.

*L. Z. Dorsett* and *J. F. Golightly*, for plaintiff.

*J. V. Edge* and *A. L. Bartlett*, for defendant.

Lumpkin, P. J.　The record discloses that Woods purchased from Floyd a buggy, giving therefor a promissory note which also embraced a mortgage upon the buggy. In this instrument was the following clause: "It is expressly understood and agreed that the property for which this note is given is sold without any warranty, expressed or implied, on the part of the seller, and the purchaser buys said property entirely upon his own judgment, waiving all defects, either patent or latent. The purchaser waives the implied warranty upon the part of the seller as contemplated in section 2651 of the Code of Georgia, and agrees not to plead failure of consideration or any other plea to an action that may be founded upon this note." Floyd made an affidavit in due form for the purpose of enforcing the mortgage lien created as above stated, and an execution issued thereon was duly levied. In resistance to this foreclosure, Woods filed an affidavit admitting the execution of the note, but setting up, in substance, the defense that the instrument in question was given for a buggy which the plaintiff falsely represented to be new, whereas it was an old buggy "fixed over and almost worthless." The issue thus formed came on to be heard in the magistrate's court, when the defendant amended his pleadings by alleging "that the Plff. perpetrated a fraud on him in this, to wit: Plaintiff represented the buggy to be a new one, which was untrue, the buggy being an old one patched up and painted over, which this Deft. did not know at the time of the sale, and deceived this defendant with the paint on the buggy. The Plff. knew all these facts, and this Deft. did not know the defects in the old buggy. Deft. says that had he knew the trouble

and condition of the buggy, he would not have bought the same." The magistrate sustained a motion made by plaintiff's counsel to strike the defendant's "plea," holding that he could file no defense, for the reason that he had expressly contracted in writing not to make any defense to any action that might be founded upon the note. A judgment in favor of the plaintiff was thereupon entered, and the defendant filed a petition for certiorari containing a single assignment of error, viz., that the magistrate erred in holding that the defendant, because of the above-quoted stipulation in the contract, had no right to make any defense to the proceeding instituted by the plaintiff. The superior court sustained the certiorari, and the plaintiff excepted.

Our conclusion is that the right result was reached in the magistrate's court. We do not, however, predicate our decision upon the idea that the defendant was cut off from making a defense because he contracted not to do so, but upon the ground that the defense actually sought to be made was wholly without merit. The gist of it was, that although the defendant had freely and voluntarily signed the contract with a full knowledge of its terms,— one of which was that he was buying the property "entirely upon his own judgment, waiving all defects, either patent or latent"— he was nevertheless misled and deceived by false representations made by the plaintiff pending the negotiations leading up to the purchase. Granting that, as matter of fact, the plaintiff did knowingly make false representations and that the defendant really placed reliance thereon, it does not follow that, as matter of law, he was defrauded. It is certainly possible for one to purchase an article, taking all the chances as to its value or qualities; and if there ever was a case of this kind, it is the one now before us. The defendant not only contracted as just indicated, but he expressly stipulated that the sale to him was "without any warranty, express or implied, upon the part of the seller," and further agreed to waive "the implied warranty upon the part of the seller as contemplated in section 2651 of the Code of Georgia," then of force (now section 3555 of the Civil Code). It is to be noted that, under this section, the seller, "unless expressly or from the nature of the

transaction excepted," warrants that "he knows of no latent defects undisclosed." The defendant does not, in the defense which he sought to make, pretend that he did not fully understand and voluntarily agree to all the stipulations contained in the contract signed by him. In the face of these express stipulations, he can not be heard to assert that he contracted, not "upon his own judgment," as in his written contract he unequivocally declares, but upon the faith of false and fraudulent representations made by the seller pending the negotiations which led up to the sale. When an agreement freely and voluntarily entered into is reduced to writing, the instrument or instruments evidencing the same must control; for there is a conclusive presumption of law that all previous negotiations are merged into the contract as finally consummated, and extrinsic evidence, whether oral or written, which relates merely to such negotiations, can not be received to add to, vary, or contradict the writing or writings wherein such contract is contained, if the terms thereof be expressed in language which is plain and unambiguous. It follows that although the seller may, pending such negotiations, knowingly make false representations concerning the article which is the subject-matter of sale, yet if, before the contract is finally consummated, he puts the purchaser upon his guard by insisting that he must buy solely upon his own judgment, viz., deal at arm's length, the purchaser can not successfully urge in a court of justice that he has been deceived and defrauded, for the simple though abundant reason that, under the circumstances, he was not warranted in placing any reliance whatever on what the seller may previously have said.

As the magistrate was right in striking the defendant's plea of fraud, it makes no difference upon what reason such action was based, and the superior court erred in setting aside the judgment of the justice's court.

*Judgment reversed. All concurring, except Fish, J., absent.*