## 806.   BRANCH *v.* JAMES & PEDDY.

Where a promissory note given for the purchase-money of a mule contained an express stipulation that the seller of the mule "does in no wise guarantee, except in title," and the only defense set up to a suit on the note was failure of consideration, growing out of the unsoundness of the mule at the time of sale, there was no error in excluding parol testimony, offered in support of the plea, which contradicted the terms of the written contract, and in directing a verdict for the plaintiff.

Complaint, from city court of Dublin—Judge Burch.   September 10, 1907.

Submitted January 20,—Decided March 30, 1908.

*J. S. Adams*, for plaintiff in error.   *W. C. Davis*, contra.

HILL, C. J.   This was a suit on a purchase-money note given for a mule.   It is expressly stipulated in the note that "the seller of said stock or other property does in no wise guarantee, except in title."   The defendant filed a plea of failure of consideration, and attempted to set up, in support of the plea, a parol agreement between him and the seller of the mule, which was in contradiction of the express and unambiguous provision in his written contract. The court excluded this testimony, and, there being no other defense made, directed a verdict for the plaintiff for the full amount of the note.

We think this direction by the court was proper.   The contract contains no express covenant of warranty, and the defect in the mule, which was attempted to be shown, was a patent defect, which was not covered by the implied warranty.   Besides, any implied warranty as to the soundness of the mule is expressly provided against by the contract.   While the word "guarantee," in

the note, when considered with reference to its technical legal meaning, is not an apt word in the connection in which it is used, the context shows that it is used as synonymous with the word "warrant." Indeed, in popular parlance, the words "guaranty" and "warranty" are used interchangeably, without reference to any difference in meaning. While the term "warranty" is applied to a contract as to title, quality, or quantity of something sold, and the word "guaranty" is held to be a contract by which one person is bound to another for the fulfillment of a promise or engagement of a third party, the two words are derivatives from the same root, and are identical in significance and effect. It is clear that in the present case the word "guarantee" is used in the sense of a warranty, and that the seller of the mule limited his warranty to the title, expressly excluding any warranty of soundness; and such stipulation is plainly expressed and agreed to by the written contract of the defendant. There was no error, therefore, in the judgment of the court in excluding testimony which contradicted by parol the terms and conditions of the written contract, and in directing a verdict for the plaintiff. *McNeel* v. *Smith,* 106 *Ga.* 215; *Jackson* v. *Langston,* 61 *Ga.* 392. *Judgment affirmed.*