## 4808. LOCKETT *v.* RAWLINS.

Ordinarily, after a note for purchase-money has been renewed by the purchaser, with knowledge of defects in the property purchased, he can not be heard to complain of the defects as a defense. Where, however, there is a guaranty or promise by the seller to remedy or repair the defects in consideration of the giving of the renewal note, this rule of law is not applicable; and failure to make good the guaranty or promise, resulting in injury to the maker of the renewal note, would constitute a good defense, either of total or partial failure of consideration, according to the facts.

DECIDED JULY 8, 1913.

Trover; from city court of Albany—Judge Jones. March 7, 1913.

This was an action of trover for an automobile sold by the plaintiff to the defendant under a contract which reserved title in the plaintiff until payment of the purchase-money in full. The defendant pleaded failure of consideration and damages by reason of defects in the automobile. The trial judge directed a verdict for the plaintiff, and the defendant excepted. The defendant testified

that the automobile appeared to be in good condition when purchased, and that afterwards it "ran along all right for about 250 or 300 miles, when the engine went bad and would not run the car." He notified the plaintiff of its defective condition, and the plaintiff put a different engine in the car. The second engine appeared to be all right, and the defendant thought the defect was remedied, and paid the first of the promissory notes given by him for purchase-money, but after the automobile had been run with this engine about the same distance it had been run with the first engine, the second engine broke down. The defendant promptly notified the plaintiff, and refused to pay the outstanding notes, two of which had become due. The plaintiff then said that he would put in another engine and would guarantee that it would make the automobile all right, if the defendant would give him a new note for the notes then due, so that he could put it in bank. Upon this guaranty the defendant gave a renewal note. He testified: "I gave them that note after they said they would guarantee that the third engine would be all right, and because I believed they would do what they said they would do and make it good." The third engine also failed to work, after running the automobile about the same distance that the others had run it; and the defendant refused to pay the renewal note. He testified that the machine as it stood was worthless.

*Mann & Milner,* for plaintiff in error. *Peacock & Gardner,* contra.

HILL, C. J. (After stating the facts.) We think the direction of a verdict for the plaintiff under this testimony was unauthorized. The case should have been submitted to the jury. The general rule is that the giving or renewal of a note, with knowledge of defects, constitutes a waiver of such defects or of any breach of warranty arising therefrom; but the facts in proof here make an exception to this general rule. It is true, according to the evidence, that the defects existed when the renewal note was given by the defendant, and he had knowledge of these defects, but the plaintiff promised, as a consideration for the renewal, that he would make good his warranty and would guarantee that the defects complained of would be completely remedied; and it was on this promise and guaranty that the renewal note was made by the defendant. In *McDaniel* v. *Mallary Machinery Co.,* 6 *Ga. App.* 848 (66 S. E.

146), the second headnote states the general rule, with the exception, as follows: "Ordinarily, when a purchaser renews a note or other obligation given for the purchase-price of property, and knows at the time of the renewal that the property is defective, he can not thereafter be heard to complain of the defects as a defense. The rule is subject to exceptions, and is not applicable where a renewal note is given under such circumstances as to indicate that it was given and taken with a contrary understanding." The testimony of the defendant, stated above, seems to us to have presented a case of at least a partial failure of consideration, and was sufficient to have been submitted to the jury in proof of such failure of consideration, and to this extent, at least, to establish the defense relied upon. *Atlanta City Street Ry. Co.* v. *American Car Co.,* 103 *Ga.* 254 (29 S. E. 925). *Judgment reversed.*