### 7790.   BARRINEAU *v.* HOLMAN.

BROYLES, P. J.   1. Where the buyer of a mule freely and voluntarily signed a contract for the purchase of the animal, agreeing to pay a stipulated sum therefor, with full knowledge of the terms of the con-

tract, one of which was that the seller "warrants said property against all such defects as are specifically noted and mentioned herein but against no others, latent or patent," and another than "no statement, representation, or warranty of either party hereto, or by any agent of either, shall form any part of this contract or in anywise affect the same, unless herein set forth, and the undersigned in purchasing the above described property. acts solely upon his judgment," and where no defect of any character as to the property was specifically noted or mentioned in the contract, and it contained no representation or warranty other than stated above, as to the property, the doctrine of implied warranty as set forth in section 4135 of the Civil Code of 1910 was not applicable, and the purchaser waived all defects, either patent or latent, in the property; and in a suit upon the note, brought by the seller of the property, it was not error for the court to refuse to allow the following amendment to the defendant's answer: "Defendant, for further answer, says: that on the 15th day of March, 1912, the plaintiff sold defendant an iron gray mule for the sum of two hundred and ten dollars. The sale of said mule was made without any waiver whatever, but under a general warranty implied by law as to soundness, healthfulness, and suitability as a farm mule, said mule being sold to defendant for farming purposes; and defendant shows that said mule was totally worthless and unsuited for a work animal, said mule going lame on the first day said mule was put to work, and afterwards by reason of such lameness being unable to do any work; that plaintiff is and has been since 1912 a non-resident of this State. Defendant prays that said damages, to wit, the purchase price of said mule, be set off as against the note sued on, and that he have a judgment for the excess." See *Floyd* v. *Woods*, 110 *Ga.* 850 (36 S. E. 225); *Mock* v. *Kemp*, 17 *Ga. App.* 448 (87 S. E. 608).

2. The original answer was insufficient in law, and the court did not err in striking it, and in thereafter rendering judgment in favor of the plaintiff for the full amount sued for.

    *Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

    DECIDED MARCH 19, 1917.

Complaint; from city court of Cairo—Judge Willie. July 20, 1916.

*S. P. Cain,* for plaintiff in error.

*Roscoe Luke, M. L. Ledford, Claude Christopher,* contra.