### 11594.  PAYNE *v.* CHAL-MAX MOTOR COMPANY.

1. An implied warranty against defects in the thing sold is excluded by a provision in the written contract of sale that the vendor does not warrant the property except as to title.
2. The defendant having appeared and made defense, it was proper to overrule the motion to dismiss the declaration in attachment.

DECIDED OCTOBER 5, 1920.

Attachment; from city court of Albany — Judge Clayton Jones. May 11, 1920.

*Claude Payton,* for plaintiff in error, cited: 142 *Ga.* 836; 17 *Ga. App.* 575; Civil Code (1910), § 4135, 4136, 4137; 12 *Ga. App.* 259; 11 *Ga. App.* 302; 134 *Ga.* 288; 76 *Ga.* 629; 100 *Ga.* 588; Civil Code (1910), § 5103.

*Lippitt & Burt,* contra, cited:  146 *Ga.* 46; 142 *Ga.* 836; 12 *Ga. App.* 259; Civil Code (1910), § 5121; 134 *Ga.* 544, 549; 143 *Ga.* 380.

BLOODWORTH, J.  1.  Mrs. Lois Payne bought an automobile, signed a contract of purchase, and gave a series of notes.  On default of the payment of a portion of the notes an attachment for the balance of the purchase-price was issued and levied, and a declaration was filed.  Pleas setting up that the automobile was defective and not suited to the purpose intended were amended so as to show that the defendant elected "to rely on the state-

ments in her answer of implied warranty" only. The contract contained the following: "The vendor does not warrant said property except that the title to same is in the vendor and free from incumbrance." This is a definite and complete contract between the parties, and amounts to an express refusal to make any warranty except as to the title to the property and that it was not incumbered, and this refusal to warrant is so broad that it extended to and covered any implied warranty, and no defect in the automobile for which the notes were given could be pleaded by way of defense. The court properly sustained the motion to strike the plea. *Harrell* v. *Holman,* 21 *Ga. App.* 159 (93 S._E. 1021), and cases cited. See, in this connection, *Mansor* v. *Zemurray,* 22 *Ga. App.* 441 (96 S. E. 233).

2. The defendant having appeared and made defense, the court properly overruled the motion to dismiss the declaration in attachment. "It is well settled that in a suit by attachment for purchase-money, where the defendant has voluntarily appeared and pleaded to the merits of the case, the plaintiff is entitled to proceed for a verdict and general judgment, even though the attachment be subject to dismissal." *Flagg* v. *Hitchcock,* 143 *Ga.* 380 (3) (85 S. E. 125). See also Civil Code 1910), § 5121; *McDonald* v. *Rimes,* 137 *Ga.* 732 (1) (74 S. E. 266).

*Judgment affirmed. Broyles, C. J., and Luke, J. concur.*