12255.  ANDERSON *v.* INTERNATIONAL HARVESTER COMPANY.

JENKINS, P. J. Under the rule stated in *Pryor* v. *Ludden & Bates*, 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267), a plea setting up a breach of an oral warranty can be maintained in a suit on a purchase-money note which, though reciting the consideration, fails to integrate within itself the terms of the sale agreement; but where the note sued on recites that, " in consideration of such renewal and extension of time of payment, I hereby expressly waive all claims arising out of the purchase of said property, and all defenses, statutory or otherwise, to the payment hereof," this provision of the agreement must be taken as a

waiver of any express or implied warranties relative to the subject-matter of the sale, with the effect that all previous and contemporaneous representations and warranties are merged into and controlled by the written instrument; nor could the terms of such a writing be altered by subsequent representations or promises, unless supported by a consideration. Thus, while it is true that, unless the instrument should expressly or by implication provide otherwise, a vendor is bound by his promise made at the time a purchase-money note is renewed, whereby he agrees to remedy existing defects, or to warrant a then undelivered portion of the purchased property (*Atlanta City Street Ry. Co.* v. *American Car Co.*, 103 *Ga.* 254, 29 S. E. 925; *Lockett* v. *Rawlins*, 13 *Ga. App.* 52, 78 S. E. 780), still, under the rule stated, such promises and warranties cannot be enforced if, in order to do so, it is thereby necessary to add to or vary any of the terms of the agreement, such as are covered by and embodied in the written instrument. *Bond* v. *Perrin*, 145 *Ga.* 200 (6) (88 S. E. 954); *Case Threshing Machine Co.* v. *Broach*, 137 *Ga.* 602 (73 S. E. 1063). The trial judge therefore did not err in excluding the testimony offered by the defendant, or in directing a verdict in the plaintiff's favor.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED NOVEMBER 1, 1921.

Complaint; from Ben Hill superior court — Judge Gower. February 5, 1921.

*D. B. Nicholson, Eldridge Cutts,* for plaintiff in error.

*Wall, Grantham & Kassewitz,* contra.