12901.   WASHINGTON & LINCOLNTON RAILROAD COMPANY *v.* SOUTHERN IRON & EQUIPMENT COMPANY.

JENKINS, P. J.  1. On May 17, 1920, a vendor levied a purchase-money attachment, which was made returnable to the June quarterly term, 1920, of the city court of Washington. A declaration therein was duly filed against the vendee upon the last four of the original ten purchase-money notes, each dated July 1, 1919, the notes which remained unpaid and upon which suit was brought representing the balance of the purchase-money for a locomotive. The written contract of sale provided as follows: "It is further agreed that said locomotive is accepted in its present condition without recourse on said Southern Iron & Equipment Company for any claim for repairs or otherwise, and it is agreed that said locomotive shall be kept in good order and repair; that the undersigned shall be responsible for all damages and injuries done to said locomotive and for its destruction and loss to the full extent of said aggregate purchase price, with full interest thereon." The vendee admitted the execution of the notes, but pleaded partial failure of consideration and sought recoupment, alleging that the vendor's officers and agents at the time of sale represented that the locomotive had been entirely rebuilt by plaintiff, and impliedly warranted it as reasonably suited to the use intended, whereas it had not been so rebuilt, and had been merely repainted so as to appear new; that the flues in the boiler, and other parts of the engine and tender, were worn, rusted, and otherwise defective, so that after a short time the locomotive became unserviceable; that these representations constituted actual fraud; and that by reason of the fact that at the time of the negotiations the engine was on the track with fire in the boiler and steam ready for operation, the existing latent defects could not have been discovered without entirely taking down the locomotive, but were known to the plaintiff. In the trial the defendant showed that prior to the purchase it sent a master mechanic and an engineer and the president of another railroad company as its representatives to inspect the locomotive, that the former knew it was a "used locomotive," but thought it had been "rebuilt," and did not make a complete inspection so as to locate the defects which afterwards developed. But there was

no evidence that the plaintiff did anything to dissuade or prevent the defendant's representatives from making such an inspection. The president of the defendant company testified that at the time the contract was made the plaintiff's representative orally represented to him that "the locomotive was a rebuilt machine, as good as a new one." There was evidence that the term "rebuilt" meant "taking out defective parts and going over all the parts and seeing that they are in perfect working condition." An iron plate taken from the front of the locomotive was also offered. This contained the following words and figures stamped in the plate: "Southern Iron & Equipment Company, Atlanta Ga., Rebuilt No. 1424." It is contended that this plate amounted to a false and fraudulent representation and a written express warranty. The court directed a verdict for the plaintiff. The defendant excepted to the overruling of its motion for new trial. *Held*:

1. The provision in the contract of sale, that the vendee accepted the engine "in its present condition without recourse" on the vendor "for any claim for repairs or otherwise," must be taken as a waiver of all defects latent and patent, and as equivalent to a waiver of any and all warranties, express or implied. Under the terms of such an unambiguous agreement, which has not been fraudulently procured through artful means or deceitful practices with reference to the contents of the agreement as signed, but which has been knowingly entered upon, there is a conclusive presumption that all previous and contemporary negotiations, however conflicting, have been merged into the written instrument. *Floyd* v. *Woods*, 110 *Ga.* 850, 853 (36 S. E. 225). In such a case "the purchaser will not be heard to set up, as a defense to an action on the contract, that he did not purchase on his own judgment, but on the false and fraudulent statements of the seller made pending the negotiations which led up to the sale." *Purser* v. *Rountree*, 142 *Ga.* 836, 838 (83 S. E. 958); *Equitable Mfg. Co.* v. *Biggers*, 121 *Ga.* 381 (49 S. E. 271); *Walton Guano Co.* v. *Copelan*, 112 *Ga.* 319 (37 S. E. 411, 52 L. R. A. 268); *Anderson* v. *International Harvester Co.*, 27 *Ga. App.* 533 (109 S. E. 417); *Connell* v. *Newkirk-George Motor Co.*, 28 *Ga. App.* 382 (111 S. E. 749). The defense here made amounts to nothing more than a plea of failure of consideration, based on a breach of warranty. *Miller* v. *Moore*, 83 *Ga.* 684 (10 S. E. 360, 6 L. R. A. 374, 20 Am. St. R. 329). Such a defense cannot avail, even though the representations may have been false and fraudulent, where the complete and controlling contract as actually made plainly shows that the purchaser did not rely thereon, but that he bought the article just as it stood and without any sort of recourse on the seller. What has been said applies with equal force to the evidence relative to the iron plate. Besides, there is no sort of proof as to the time when this metal plate containing the word "rebuilt" was placed on the engine; and consequently none of the evidence for the defendant can be regarded as disproving such statement. If the defendant, instead of retaining the engine under the contract of purchase and afterwards seeking to set up matters of defense based upon warranties, express or impried, under the contract of purchase, but which had been expressly waived under the final written agreement, had promptly sought to at-

tack and rescind the contract itself, and had returned the property on discovery of its alleged condition, a somewhat different question might be presented, which, however, it is needless here to discuss. See *Snellgrove* v. *Dingelhoef*, 25 *Ga. App.* 334 (103 S. E. 418).

2. The evidence failing to show any legal defense, there was no error in overruling the. motion for a new trial, made after the direction of a verdict for the plaintiff.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED JUNE 14, 1922.

Complaint; from city court of Washington — Judge Sutton. September 5, 1921.

*W. A. Slaton,* for plaintiff in error.

*Smith, Hammond & Smith, Colley & Colley,* contra.