## 22821. MORGAN v. WILLIAMS.

SUTTON, J. The defendant executed a note, payable in 12 monthly installments, and a conditional bill of sale to the plaintiff to secure the unpaid purchase-money for an automobile bought by the defendant from the plaintiff. The contract contained these provisions: "I . . have examined the said chattel and accept same in its present condition." "I

. . expressly waive, as against this agreement, . . all claims for damages of whatever nature, also any and all provisions of law wherein and whereby it is required that any sum of money shall be repaid to me." It appears that the defendant paid seven of these installments and defaulted in the payment of the remaining five. The plaintiff brought suit thereon, attaching to the petition a copy of the note and contract of sale. The defendant answered and admitted the execution of the note and contract, but set up that a salesman of the plaintiff fraudulently misrepresented to him the year in which the car was manufactured and its condition, that he relied on these representations in purchasing the car from the plaintiff, that the automobile purchased was worthless, that the plaintiff knew of the condition of the automobile when it was sold to him, that in order to deceive the defendant, the plaintiff falsely and fraudulently represented the condition of the car to be good, and that by reason of the fraudulent misrepresentations of the plaintiff he damaged the defendant in the sum of $400. The plaintiff demurred to the answer of the defendant, and the court sustained the demurrer and dismissed the answer. With the answer stricken, the jury returned a verdict for the plaintiff. The judgment sustaining the demurrer and dismissing the answer, and the verdict of the jury and the judgment entered thereon, are excepted to by the defendant. *Held:*

1. The statement in the conditional-sale contract, that the vendee "examined" the automobile purchased and accepted the "same in its present condition," and that the vendee "expressly" waived, "as against this contract, . . all claims for damages of whatever nature, also any and all provisions of law wherein and whereby it is required that any sum of money shall be repaid to" him, must be taken as a waiver of all defects in the automobile, latent or patent, and as equivalent to a waiver of any and all warranties, express or implied. Under the terms of such an agreement, which has not been fraudulently procured through artful means or deceitful practices with reference to the contents thereof, "but which has been knowingly entered upon, there is a conclusive presumption that all previous and contemporary negotiations, however conflicting, have been merged into the written instrument." *Floyd* v. *Woods,* 110 *Ga.* 850, 853 (36 S. E. 225) ; *Washington &c. R. Co.* v. *Southern Iron &c. Co.,* 28 *Ga. App.* 684 (112 S. E. 905).

2. In such a case the defendant will not be heard to set up, as a defense to an action on the note given for the unpaid purchase-money of the automobile, as shown by the conditional-sale contract, that he did not purchase the automobile on his own judgment, but on the false and fraudulent statements of the seller's salesman, made pending the negotiations which led up to the sale. *Purser* v. *Rountree,* 142 *Ga.* 836, 838 (83 S. E. 958) ; *Anderson* v. *International Harvester Co.,* 27 *Ga. App.* 533 (109 S. E. 417) ; *Connell* v. *Newkirk-George Motor Co.,* 28 *Ga. App.* 382 (111 S. E. 749) ; *Barfield* v. *Farkas,* 40 *Ga. App.* 559 (150 S. E. 600). Such a defense amounts to nothing more than a plea of failure of consideration, based on a breach of warranty. *Miller* v. *Moore,* 83 *Ga.* 684 (10 S. E. 360, 20 Am. St. R. 329). "Such a defense can not avail, even though the representations may have been false and fraudulent, where the complete and controlling contract as actually made plainly shows

that the purchaser did not rely thereon, but that he bought the article just as it stood and without any sort of recourse on the seller." *Washington &c. R. Co.* v. *Southern Iron &c. Co.*, supra.

3. Applying the foregoing rulings, the court did not err in sustaining the demurrer to the answer and dismissing the same. Therefore, the verdict of the jury and the judgment entered thereon were proper.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 28, 1933.

*J. M. Forrester, G. Y. Harrell,* for plaintiff in error.
*James W. Harris, R. S. Wimberly,* contra.