### 26144. CORLEY et al. v. WILENSKY & SON.

BROYLES, C. J. 1. "The seller in all cases (unless expressly or from the nature of the transaction excepted) warrants that the article sold is merchantable and reasonably suited to the use intended." *Colt Co.* v. *Bridges*, 162 *Ga.* 154 (132 S. E. 889).

2. Where a contract of sale contains no express warranty, and the implied warranty of the law is not excluded by the nature of the transaction or by anything in the contract, the seller impliedly warrants that the article sold is reasonably suited to the use intended; and the purchaser can defeat an action brought to recover the purchase-money by showing that the article, *when sold,* was so defective as not to be reasonably suited to the use intended. *National Computing Scale Co.* v. *Eaves*, 116 *Ga.* 511 (42 S. E. 783).

3. The instant written contract of sale contained no express warranty, and the implied warranty of the law was not excluded by the nature of the transaction or by anything in the contract. The contract did set forth the following stipulation: "It is understood and agreed that no other agreement, guaranty or warranty, verbal or written, express or implied, shall limit or qualify the terms of this contract." However, "such stipulation does not prevent the purchaser from setting up the implied warranty of the law, upon the ground that this would be adding to the written contract by parol an additional agreement in violation of such stipulation, such implied warranty not springing from any agreement of the parties, but arising from the law." *Colt Company* v. *Bridges*, supra.

4. Under the above-stated rulings the court erred in rejecting evidence offered by the defendants to sustain their plea setting up a breach of the implied warranty of the law. It follows that'the court erred also in striking said plea and in directing a verdict in favor of the plaintiff.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED MAY 13, 1937. REHEARING DENIED JUNE 17, 1937.

858

W. G. Warnell, Edward J. Goodwin, for plaintiff in error.
Emanuel Kronstadt, contra.