## 29438. TAYLOR *v.* LOVETT & THARPE HARDWARE CO.

DECIDED MAY 30, 1942.

*Lesler F. Watson,* for plaintiff in error.
*Nelson & Nelson,* contra.

FELTON, J. Lovett & Tharpe Hardware Company sued out a purchase-money attachment against C. F. Taylor, the basis of which was a combination conditional-sale contract and a promissory note. In his answer to the declaration in attachment the defendant set up two defenses: a total failure of consideration, and fraud inducing the execution of the contract. The court overruled the plaintiff's general demurrer to the answer, and when evidence had been introduced directed a verdict for the plaintiff. The defendant excepted to the overruling of his motion for new trial.

■ The first headnote requires no elaboration.

■ The purchaser knew of the defective condition of the refrigerator when he signed the contract of purchase. Hence the implied warranty of the law did not apply. *Lunsford* v. *Malsby,* 101 *Ga.* 39 (28 S. E. 496). The alleged oral promise by the seller, at the time of the sale, to take the refrigerator back if it did not work, was not binding in view of the stipulation in the written bill of sale to the effect that "no other agreement, . . verbal or written, shall limit or qualify the terms of this contract." There was no express warranty of any kind in the contract.

■ The evidence on the question of fraudulent procurement did not support the plea. The defendant had the refrigerator purchased in his possession for thirty days before he signed the contract of purchase. He knew that it was not working satisfactorily when he bought it. His answer alleges that a representative of the

seller promised to repair the refrigerator so that it would give satisfaction, and that he knew at the time of such promise that it could not be repaired. There was no evidence that the seller's representative made such a promise knowing at the time that the refrigerator could not be repaired. The court did not err in directing the verdict for the plaintiff, and did not err in overruling the motion for new trial.

*Judgment affirmed.*   *Stephens, P. J., and Sutton, J., concur.*