32207. BEDGOOD *v.* JEFFCOAT.

DECIDED NOVEMBER 11, 1948. REHEARING DENIED DECEMBER 3, 1948.

*Shelby Myrick,* for plaintiff in error.

*A. Pratt Adams Jr., Douglas, McWhorter & Adams,* contra.

FELTON, J. ■ The first two of the three amended grounds of the motion for a new trial are exceptions to the admission of testimony of T. W. McCutcheon, a witness for the plaintiff. He testified: "I heard what Mr. Jeffcoat said before the car was sold. I heard him say the car had a busted muffler. I heard him say that the car had a busted muffler, smoked, and needed some work on the muffler. . . Mr. Jeffcoat said the car was smoking, anybody could see that, and it had a bursted muffler and needed some work on the motor, he did not know just what it needed, because he had only had it for a couple of days, and anybody that bought it could drive it, and if he did not want it just to leave it. Mr. Jeffcoat said that to the auctioneer. I have been in a couple of these auction sales, and the auctioneer always asks a man to make any statement he wants to about his car that he is selling. As I said, Mr. Jeffcoat made that statement at the sale. Mr. Jeffcoat made the statement about the car to the auctioneer. He did not announce it himself, but

he said it to the auctioneer as the car seller, in the presence of everybody present, and it was for the benefit of the car dealers that he made the statement. There was a microphone there, and one does not have to talk too loud because the voice carries in a little shed there, and it was plenty loud enough for anybody to hear it who was in the building." The objection to the evidence was that it would not be admissable until it was shown that Mr. Bedgood was present at the time the statement was made, and that he heard it. Assuming that the ruling of the court was erroneous at the time it was made, we think that the error was cured by the subsequent testimony of E. M. Cain, witness for the plaintiff, who testified that he heard what Mr. Jeffcoat said to the auctioneer, to the effect that the car was not perfect, was using oil, that "the muffler was bursted," and that he heard no guaranty made. He further testified that Mr. Jeffcoat was not talking to the crowd when he was speaking to the auctioneer, but that the auctioneer repeated what Mr. Jeffcoat said to him. This evidence, together with that objected to, made a question for the jury as to whether the auctioneer guaranteed the motor of the car or not, and the admission of the evidence was not harmful error.

■ The other exception is to the charge of the court to the effect that when the plaintiff made out a prima facie case the burden shifted to the defendant to prove an express or implied warranty, the exception being that the burden was not upon the defendant to prove an implied warranty, for the reason that it is a creature of the law and is not susceptible to proof. Assuming that the defendant could assert both express and implied warranties covering the same subject-matter, we do not think that the charge here complained of was harmful to the defendant. His defense was breach of warranty. Of course, in one sense a party is not required to prove what the law implies, but he is required to prove circumstances which give rise to the implication of the law. For example, both express and implied warranties may be waived. See *Floyd* v. *Woods,* 110 *Ga.* 850 (36 S. E. 225); *Washington & Lincolnton R. Co.* v. *Southern Iron &c. Co.,* 28 *Ga. App.* 684 (112 S. E. 905). They may also be excluded by the terms of the contract of sale. We think that the only reasonable construction of the charge here is that the

burden was on the defendant to show that under the circumstances of the sale the law implied a warranty and that there was a breach.  Under the evidence, there was a clear-cut issue as to whether the statements and agreements made amounted to an exclusion of all warranties except that of title.  The jury simply believed the plaintiff's evidence on the clear-cut issue, and there was no harm done by the charge, in our opinion.

The court did not err in overruling the motion for a new trial.
*Judgment affirmed.  Sutton, C. J., and Parker, J., concur.*