34452. MORGAN SUPPLY COMPANY *v.* YARBROUGH.

Decided January 31, 1953.

*C. M. Seward,* for plaintiff in error.

*Robert S. Dennis,* contra.

TOWNSEND, J. Since the special grounds of the motion for new trial are too incomplete within themselves to present an issue of law for this court to determine, the case will be dealt with solely on the sufficiency of the evidence to support the verdict.

Warranties may be either express or implied. Code, §96-301. An implied warranty cannot be relied upon by the buyer in cases where the seller expressly limits the obligation as to the warranties which he assumes. *Jones* v. *George S. Riley Jr. Co.,* 14 *Ga. App.* 84 (80 S. E. 341); *Payne* v. *Chal-Max Motor*

*Co.* 25 *Ga. App.* 677 (104 S. E. 453). However, there may be an express warranty which is in no wise inconsistent or repugnant to the warranties implied by law. "The law, in the absence of an express warranty which would preclude it, made the seller impliedly warrant that the generator was reasonably suited for generating light. . . It is well settled that such warranties are not usually so general in relation to the subject matter of the sale as to exclude the implied warranty that the article is merchantable, and is reasonably suited to the use for which it was designed and intended. *Hawley* v. *Van Winkle,* 4 *Ga. App.* 85 (60 S. E. 1008)." *Colt Co.* v. *Bridges,* 162 *Ga.* 154, 157 (132 S. E. 889). The word "guarantee" in a contract of sale must be construed "warranty" where this is the obvious intendment of the parties. *Branch* v. *James & Peddy,* 4 *Ga. App.* 90 (60 S. E. 1027); *Harrell* v. *Holman,* 21 *Ga. App.* 159 (1) (93 S. E. 1021).

So construed, it appears that the vendor in the sales contract here fully warranted the air-cooling machine to be "satisfactory," limiting this warranty to five years, as to the unit, and one year as to the motor. "Satisfactory," in this connection, can have no other meaning than that the cooling machine is satisfactory for the purpose intended by the manufacturer, and is thus merely an express affirmance of an implied warranty limited to a certain period of time. The defendant's evidence was to the effect that the unit was installed by the plaintiff for the purpose of cooling his restaurant; that it had never fulfilled this function; that repeated thermometer readings on days when outside temperature was 97 to 100 degrees showed that the inside temperature was never more than two or three degrees cooler, was sometimes the same, and was sometimes actually higher. The jury was therefore authorized to find that no perceptible cooling of the atmosphere resulted from the installation of the unit, and that a total failure of consideration had therefore resulted.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*