## 34289. BYRD *v.* HARRY SOMMERS INC.

WORRILL, J. Mrs. Byrd sued Harry Sommers Incorporated for damages for an alleged breach of implied warranty to a new automobile she had purchased from the defendant. The defendant answered denying liability. Upon the trial of the case it appeared that the plaintiff signed a "Contract for Purchase of Motor Cars," which recited the essential details of the transaction, and included among its other provisions the following clauses: "The purchaser has examined the automobile purchased and accepted the same in its present condition and purchaser expressly waives as against this contract all claims for damages of whatever nature, also any and all provisions of law wherein and whereby it is required that any sum of money shall be repaid to said purchaser." The trial judge, at the conclusion of the evidence, directed the verdict for the defendant and the plaintiff excepted. *Held:*

1. "The statement in the conditional-sale contract, that the vendee 'examined' the automobile purchased and accepted the 'same in its present condition,' and that the vendee 'expressly' waived, 'as against this contract, . . all claims for damages of whatever nature, also any and all provisions of law wherein and whereby it is required that any sum of money shall be repaid to' him, must be taken as a waiver of all defects in the automobile, latent or patent, and as equivalent to a waiver of any and all warranties, express or implied. Under the terms of such an agreement, which has not been fraudulently procured through artful means or deceitful practices with reference to the contents thereof, '. . there is a conclusive presumption that all previous and contemporary negotiations, however conflicting, have been merged into the written instrument.' *Floyd* v. *Woods*, 110 *Ga.* 850, 853 (36 S. E. 225); *Washington &c. R. Co.* v. *Southern Iron &c. Co.*, 28 *Ga. App.* 684 (112 S. E. 905)." *Morgan* v. *Williams*, 46 *Ga. App.* 774 (1) (169 S. E. 211).

2. In the instant case, there was no contention or evidence that the plaintiff had affixed her signature to the contract other than as a voluntary act; there was no contention that her signature had been procured by fraud or artifice, and under the foregoing rule of law and under the

evidence adduced in the case she was not entitled to recover on an implied warranty; and the trial judge did not err in directing the verdict for the defendant and in overruling the motion for new trial complaining of that order.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED FEBRUARY 14, 1953—REHEARING DENIED FEBRUARY 28, 1953.

*Robert B. Blackburn,* for plaintiff in error.
*John L. Westmoreland, John L. Westmoreland Jr.,* contra.