## 34572. SKELLIE *v.* GULF FINANCE COMPANY.

CARLISLE, J. 1. "In case of a sale of a chattel, where the parties have reduced to writing what appears to be a complete and valid contract of sale, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire agreement, and parol evidence of prior or contemporaneous representations, statements, or agreements in regard to the subject matter is inadmissible to add to, take from, or vary the written instrument. *Bond* v. *Perrin*, 145 *Ga.* 200 (1) (88 S. E. 954); s. c. 18 *Ga. App.* 179; *Pryor* v. *Ludden & Bates*, 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Dyar* v. *Walton*, 79 *Ga.* 466 (2) (7 S. E. 220); *Reeves Tractor & Implement Co.* v. *Barrow*, 30 *Ga. App.* 420 (1) (118 S. E. 456)." *Hoffman* v. *Franklin Motor Co.*, 32 *Ga. App.* 229 (3) (122 S. E. 896).

2. "Where, without fraud, accident, or mistake touching its execution, the parties to a sale of personalty enter into a written contract with respect thereto in which is contained a stipulation that 'the vendor does not warrant said property and makes no representation concerning same except that the title to same is in the vendor and free from encumbrance,' such stipulation amounts to an express refusal by the vendor to warrant the property except as to title, and the vendee cannot contradict the terms thereof by pleading a breach of the other ordinary implied warranties of the law or of express warranties and representations made by the vendor prior to or at the time of the sale as to the condition of the property sold. *Harrell* v. *Holman*, 21 *Ga. App.* 159 (1) (93 S. E. 1021); *Payne* v. *Chal-Max Motor Co.*, 25 *Ga. App.* 677 (1) (104 S. E. 453); *Branch* v. *James*, 4 *Ga. App.* 90 (60 S. E. 1027); *Connell* v. *Newkirk-George Motor Co.*, 28 *Ga. App.* 382 (111 S. E. 749); *Washington & Lincolnton R. Co.* v. *Southern Iron & Equipment Co.*, 28 *Ga. App.* 684 (1) (112 S. E. 905)." *Hoffman* v. *Franklin Motor Co.*, supra.

3. Under an application of the foregoing principles of law to the facts of this case, the trial court did not err in striking, on demurrer, the defendant's plea of failure of consideration and his cross-bill for damages. No defect in the automobile purchased under the conditional-sale contract can be set up as a defense to the suit on the promissory note in which the conditional-sale contract is made an integral part. *Harrell* v. *Holman*, 21 *Ga. App.* 159 (93 S. E. 1021); *Branch* v. *James*, 4 *Ga. App.* 90 (60 S. E. 1027).

4. The final judgment for the plaintiff for the sums sued for was not, therefore, erroneous by virtue of the antecedent ruling.

*Judgment affirmed. Gardner, .P. J., and Townsend, J., concur.*

DECIDED APRIL 11, 1953.

*Louis A. Burton*, for plaintiff in error.

*Thomas E. Moran, Francis G. Millican*, contra.

Gulf Finance Company brought an action against J. D. Skellie

for the unpaid balance due on a promissory note, and alleged that the defendant was indebted to the plaintiff in the principal sum of $350.30 together with $8.06 interest on a note and conditional-sale contract. The conditional-sale contract and promissory note were attached to the petition and both appear to have been signed by the defendant. The conditional-sale contract recites that Stewart Motors on April 7, 1951, sold a 1947 Kaiser automobile to the defendant for a down payment of $345 and deferred payments of $1000.50, to be paid in fifteen monthly payments of $66.70. Among the usual provisions to be found in a conditional-sale agreement, the contract provided: "It is expressly agreed by the undersigned [the defendant] that this contract covers all conditions and agreements between the parties, and no verbal representations by anyone whatsoever shall bind vendor or assigns. The vendor does not warrant said property and makes no representation concerning same, except that the title to same is in vendor and free from all encumbrances." On the same day on which the contract and note were executed, Stewart Motors sold the note to Gulf Finance Company. The demand for payment and notice of intention to sue for attorney's fees were alleged and attached to the petition.

The defendant, in his answer, denied the indebtedness and alleged that the sum claimed was not due because of a failure of consideration, in that the consideration for the alleged claim was a motor vehicle which the seller warranted to repair and place in satisfactory condition; that, believing the representation to be bona fide, the defendant signed the note attached to the petition and parted with a valuable consideration, a 1942 Packard automobile worth $500; that the 1947 Kaiser automobile traded by the seller proved so worthless and costly to the defendant that, during the month of February, 1952, after an expenditure of $350 in his efforts to make the same usable, he returned the Kaiser automobile to the plaintiff. The defendant admitted the demand for payment, the notice of intention to sue, and his refusal to make payment.

For further plea and answer, the defendant alleged that the plaintiff, having succeeded Stewart Motors by the purchase of the note, was vested with all the responsibility of Stewart Motors, and he therefore brought his cross-bill against the plaintiff

for $500 for the following reason: The defendant, by reason of the representations of Stewart Motors, which he relied upon, and which proved to be untrue, was persuaded to "trade in" to Stewart Motors his 1942 Packard automobile of the value of $500, for which the defendant has received nothing of value. The Kaiser automobile was not only not usable and of no value to the defendant, but caused him an expense of $350, and this automobile has been in the possession of the plaintiff since February, 1952, and the plaintiff was fully entitled to possession by virtue of his note purchased from Stewart Motors.

On demurrer the trial court struck the defendant's answer and, after hearing evidence and argument without the intervention of a jury, the court entered judgment for the plaintiff in the sums sued for, and the defendant excepts to those judgments.