## 37304. WILSON *et al. v.* EARGLE.

Decided September 25, 1958.

*Perry Brannen, Erwin A. Friedman, Brannen, Clark & Hester,* for plaintiffs in error.

*William F. Braziel,* contra.

GARDNER, Presiding Judge. The defendants have stated the question presented here in the following language: "The sole question of law presented in this case is whether an implied warranty of suitability and merchantability may arise by operation of law under a contract for the sale of chattels in which the parties thereto have expressly agreed in writing that, 'no other agreement or guaranty, oral or written, express or implied, shall limit or qualify the terms of this contract, and no warranty of said chattels has been made unless herein expressed.'" The

plaintiff stated that the true question is only a question as to whether or not the petition set out a cause of action good against a general demurrer in view of the inconsistent provisions of the contract. Regardless of how stated, this court must decide whether or not the trial court was correct in overruling the general demurrer and thus ruling that the question should be decided by a jury.

Code § 96-301 provides: "If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects; the seller, however, in all cases (unless expressly or from the nature of the transaction excepted) warrants that. . . (2) The article sold is merchantable, and reasonably suited to the use intended. (3) He knows of no latent defects undisclosed."

The conditional-sale contract reads in part as follows:

| "Description of merchandise | New | Serial No. | Price |
|---|---|---|---|
| 1—16 Ft. Sampson boat with steering, remote controls, hardware installed | New | | $808.55 |
| 1—BT5 Galletta trailer with tilter, winch, bow stop, trailer-hitch & tie down | New | | 244.85 |
| 1—33 H.P. Scott Atwater motor | New | 3665-6074 | 482.78" |

There is a paragraph of the contract which reads: "It is agreed that no other agreement or guaranty, oral or written, express or implied, shall limit or qualify the terms of this contract, and that no warranty of said chattels has been made unless herein expressed. This agreement shall not be binding on you until your acceptance is signed hereon."

In *Bullard* v. *Brewer*, 118 *Ga.* 918 (1) (45 S. E. 711) the court said: "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument."

Hon. Edwin A. McWhorter, Judge of the Superior Court, Eastern Judicial Circuit (which comprises Chatham County) wrote a decision which we shall quote. Judge McWhorter said, regard-

ing the general demurrer, that the first real contention of the defendants is based upon this portion of the contract: "I acknowledge acceptance of delivery, after thorough examination, of the foregoing chattels to be kept and/or installed at the place mentioned above." The judge went on to say that the quoted sentence, considered as standing alone, is not sufficient to waive the implied warranty contained in the Code that the boat was merchantable and reasonably suited to the use for which it was intended. The judge went on to say (and we thoroughly agree with what he says), as follows: "The court has reviewed numerous decisions of our appellate courts and those that held that inspection of the article is sufficient to waive the implied warranty involved additional language such as, 'Sold as is', *Findley* v. *Downing Motors Incorporated,* 79 *Ga. App.* 682 (54 S. E. 2d 716), or 'the vendor does not warrant said property and makes no representation . . . except that the title to same is in the vendor and free from encumbrance', *Skellie* v. *Gulf Finance Co.,* 88 *Ga. App.* 18 (75 S. E. 2d 842), or contained some such language as 'purchaser agrees not to file a plea of failure of consideration' or 'waives all damage by reason of repairs', or 'waives all damages against the vendor growing out of the purchase of the article.' For illustration of the language used, see *Floyd* v. *Woods,* 110 *Ga.* 850, 853 (36 S. E. 225) ; *Washington & Lincolnton Railroad Co.* v. *Southern Iron & Equipment Co.,* 28 *Ga. App.* 684 (112 S. E. 905) and *Morgan* v. *Williams,* 46 *Ga. App.* 774 (1) (169 S. E. 211).

"*The law writes into the sale of each chattel the implied warranties, and the court feels that in order for them to be waived, the language of the contract should be clear and certain.* [Italics ours.]

"It is insisted by the demurrants that the language of the above quoted portion of the contract, considered with the following language, 'It is agreed that no other agreement or guaranty, oral or written, express or implied, shall limit or qualify the terms of this contract, and that no warranty of said chattels has been made unless herein expressed.' shows the clear intent upon the part of the purchaser to waive all warranties, express or implied. The court admits that this language standing alone

is susceptible to the interpretation placed thereon by demurrants, but there is another clause of the contract which, in the court's opinion, nullifies this language. It is, 'I agree that you may at any time assign this agreement or any right thereunder, and that all terms hereinabove set forth for your benefit shall inure to the benefit and operate in favor of your successors and assigns, I hereby waive as against such successors and assigns all right of recoupment, setoff, and counter-claim, which *I have or ever might have against you.* . .' While this shows a clear intent to waive the right of recoupment as against an assignee, in the court's opinion, it shows also an intent not to waive any right of recoupment against the seller. Otherwise, the language, 'Which I have or ever might have against you' must be entirely disregarded. A recoupment cannot arise against the seller unless it grew out of the contract of sale. This language is entirely inconsistent with the language above quoted that no warranty is made of said chattels and, in the court's opinion, renders the contract ambiguous and, therefore, raises the jury question as to what the parties really meant. The language was clearly for the protection of an assignee and not for the protection of the assignor, and it would seem to the court that as the language relied on by the demurrants is so similar to that of *Corley* v. *Wilensky & Son,* 55 *Ga. App.* 857 (191 S. E. 879), and *Taylor* v. *Lovett & Tharpe Hardware Co.,* 67 *Ga. App.* 414 (20 S. E. 616), that the ruling thereunder would govern this case, especially should the jury determine that there was no intent to waive implied warranties. Therefore, on this narrow ground alone the court feels that it must overrule the general demurrer." We agree with the language of the trial judge that a contract which is so drawn as to waive the implied warranties written into the sale by law should be clear and certain on that point, and we also agree that in every case where it has been held that the implied warranties were waived, additional language was written into the contract. But we find equally strong language written into this contract in the words: "No warranty of said chattels has been made unless herein expressed." We do not agree with the contention that the contract provision waiving the right of recoupment renders this provision ambiguous. Under

the contract there are several instances where recoupment might arise—for example, if some of the equipment proved not to be new, if the hardware were not installed, if the boat was not fitted with remote controls or was not 16 feet in length or was of another make than that specified, if the motor did not have the required horsepower, if the trailer did not come equipped with a tilter, winch, or bow stop, and so on. The contract therefore does warrant that certain articles as described therein are being sold, and if any of those articles were not as described, the plaintiff, on a suit against him by the vendor for the purchase price, would have been entitled to recoup sums which he had paid out in excess of the amount he would have owed if the plea of failure of consideration should be sustained. The trial court's order, which is quoted hereinabove states: "Upon this narrow ground alone the court feels that it must overrule the general demurrer." The distinction drawn by the trial court could only arise if there were no circumstances in the contract as written where the purchaser could recoup against the seller except on an implied warranty, and, as shown above, this is not the case here. Consequently, we do not think the contract ambiguous. We believe that it would do violence to well established law to hold that the words, "No warranty of said chattels has been made unless herein expressed" does not exclude implied warranties. Implied warranties exist only "unless expressly or from the nature of the transaction excepted." Code § 96-301. See also *Barrineau* v. *Holman*, 19 *Ga. App.* 511, 512 (91 S. E. 921) ; *Payne* v. *Chal-Max Motor Co.*, 25 *Ga. App.* 677 (104 S. E. 453) ; *Cody & Edgar* v. *Automobile Financing, Inc.*, 37 *Ga. App.* 452, 453 (140 S. E. 634) ; *Kontos* v. *Jordon*, 57 *Ga. App.* 267 (195 S. E. 210) ; *Seigler* v. *Barrow*, 83 *Ga. App.* 406 (63 S. E. 2d 708), and *Bridges* v. *Avery & Sons Co.*, 86 *Ga. App.* 9 (70 S. E. 2d 550).

In any event, this case is controlled by *Jones* v. *Love*, 67 *Ga. App.* 594 (21 S. E. 2d 254), where the contract of sale contained the language: "Buyer agrees that seller does not warrant said property in any manner other than as stipulated in this contract." It was there held that the court erred in charging on implied warranties, as against the contention that "the written contract expressly provides that no purchase warranty shall exist  .   .   .

the contract did not stipulate any warranty as charged by the court."

The court erred in overruling the general demurrer of the defendants.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*